**510** FIORELLO *v.* N. Y. PROT. EPISCOPAL CITY MISSION SOCIETY.

First Department, July, 1926. [Vol. 217

VINCENZA FIORELLO, Respondent, *v.* NEW YORK PROTESTANT EPISCOPAL CITY MISSION SOCIETY, Appellant.

First Department, July 6, 1926.

Pleadings — motion under Rules of Civil Practice, rule 103, to strike out certain allegations of complaint as irrelevant and redundant — defendant first moved to dismiss for insufficiency — time specified in Rules of Civil Practice, rule 105, may be extended under Civil Practice Act, § 98 — defendant not required to make motion in alternative — Civil Practice Act, § 117, not mandatory — extension may be made after expiration of time — delay in motion to strike out excused — dead bodies — action based on violation of right of sepulture of body of child — allegations that death was caused by wrongful act and as to condition of body are not relevant.

In an action to recover damages based on an alleged violation of the right of sepulture of plaintiff's child, the defendant moved to dismiss the complaint on the ground of insufficiency. After that motion was denied and after the time had expired under rule 105 of the Rules of Civil Practice to move under rule 103 to strike out allegations of the complaint as irrelevant and redundant, the defendant made the present motion to strike out certain allegations of the complaint under rule 103 of the Rules of Civil Practice, and that motion was denied on the ground that it was not made in time and that the court did not have the power under section 98 of the Civil Practice Act to extend the time.

The time to move to strike out may be extended and the motion for extension of time is not required to be made within the time specified in rule 105 of the Rules of Civil Practice, for the making of the motion, and, therefore, the court could have extended the time after the expiration of the time specified in rule 105, and considered the motion on the merits.

It was not necessary for the defendant on its motion to dismiss the complaint for insufficiency, to demand the alternative relief of striking out certain allegations of the complaint, for section 117 of the Civil Practice Act, relating to alternative relief, is discretionary and not mandatory, and in this case it would have been confusing for the defendant to have demanded alternative relief.

The defendant's delay in moving to strike out is excused, since it moved promptly to dismiss the complaint for insufficiency.

This action is to recover damages for the violation of plaintiff's right of sepulture of the dead body of her child and is based on allegations that the child was in a home maintained by the defendant, and while there died, and was buried without any notice to the plaintiff. Therefore, allegations in the complaint that the child came to its death through the wrongful or willful act of the defendant or its servants, and allegations as to the condition of the body when it was exhumed, are irrelevant and should be stricken out.

APPEAL by the defendant, New York Protestant Episcopal City Mission Society, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of April, 1926, denying defendant's motion to strike from the complaint certain allegations as irrelevant and redundant.

*William Byrd* of counsel [*Robert L. Harrison* with him on the brief; *Harrison, Elliott & Byrd,* attorneys], for the appellant.

*Leo B. Levy* of counsel [*Sidney R. Lash,* attorney], for the respondent.

McAvoy, J. The learned justice presiding at Special Term denied defendant's motion to strike from the complaint certain allegations which defendant claims to be irrelevant and redundant. A preliminary objection was made to the granting of the motion upon the ground that rule 105 of the Rules of Civil Practice provides that motions made under rule 103 of the Rules of Civil Practice, which provides for striking out matter in the complaint, " must be noticed within twenty days from the service of the pleading to which the motion is addressed." That rule also provides that " The time to make such motion shall not be extended unless notice of at least two days of an application for such extension be given to the adverse party." It was conceded that the motion was not made within the time required by rule 105.

The reason why the motion was not made was because defendant at first moved for judgment dismissing the complaint, in that it did not state facts sufficient to constitute a cause of action. This motion was denied on April nineteenth, and on the following day the defendant asked by motion for an order extending the time for relief until the decision of the motion, and for specific relief by striking from the complaint as irrelevant and redundant all allegations of the complaint that did not bear upon the gravamen of the cause, which was defendant's invasion of the plaintiff's right of sepulture in respect to the body of her deceased child. This motion was denied upon the ground, apparently, that the motion was not timely made, and because the learned court thought it would not be justified in granting the extension of time under section 98 of the Civil Practice Act. This was thought to be more particularly so because the defendant could have asked for alternative relief, on the original motion to dismiss the complaint, to have the allegations of the complaint struck out.

We do not think that such a motion is one in which it was imperative that the alternative relief of striking out irrelevant and redundant matter should have been asked.

The original motion went to the whole of the cause of action alleged in the complaint, and it could not have been determined surely whether or not the learned court would consider any one of the three kinds of actions which might have been argued as being alleged in the complaint, as sufficient. Defendant might have by involved alternative demands asked that if the cause of

**512** Fiorello *v.* N. Y. Prot. Episcopal City Mission Society.

First Department, July, 1926. [Vol. 217

action for injuries causing death were not stricken out, the matter with respect to sepulture be stricken out; and that if the action for alleged wrongful act causing death were not struck out, the action based on deprivation of the right of sepulture be stricken out. And so with respect to the matters which sound upon the breach of contract, the matters alleged as to the other causes might have been moved to be elided if that cause were held good.

We think, too, that section 98 of the Civil Practice Act gives the right to extend the time in which any kind of a motion may be made unless that sort of relief is specifically prohibited by statute, as set out in section 99 of the Civil Practice Act, or elsewhere.

Rule 105 of the Rules of Civil Practice limits the time to make this motion to twenty days, and says that the time shall not be extended, except upon notice of two days. This we do not think means that the notice of two days must be given within the twenty-day period, at least it does not say so, and the general provision of section 98 allows the court or judge to enlarge the time appointed by statute or rules for doing any act, and provides further that any such enlargement may be ordered upon good cause shown, although the application for the same is not made until after the expiration of the time appointed or allowed.

This section is new. It was taken from English Practice Rules, order 64, rule 7. The cases in which the time cannot be extended are enumerated in Civil Practice Act, section 99. Relief under section 98, except in the cases mentioned in section 99, should only be denied in the case of inexcusable laches.

The defendant's delay in moving to strike out is excused because it moved promptly to dismiss the complaint for failure to state a cause. The provision of section 117 of the Civil Practice Act as to the right to ask alternative relief is clearly permissive, not mandatory.

As to the merits of the motion, the plaintiff's counsel stated upon the argument that the basis of the cause of action is the invasion of the right, which runs to the parents of a child, of sepulture of their deceased offspring.

We conclude that the allegations which do not charge upon this count are irrelevant and redundant. They are: *First,* that the defendant through its agency known as St. Barnabas' House was engaged in maintaining a home for children and taking care of and making agreements for that purpose for a consideration to be paid by the person placing a child in said house, and that on the 29th of February, 1924, plaintiff and defendant entered into an agreement whereby defendant, for a certain consideration or charge made to plaintiff, promised and agreed to carefully and

diligently maintain, provide, watch over, safeguard and protect said infant, and to be responsible for said infant's welfare, and to return said infant to plaintiff upon demand; that defendant received the child according to the agreement in its institution and assumed these obligations, but that it did not perform said agreement and carry out its duties and violated same, and it did not carefully or diligently maintain, provide, watch over and protect said infant; that its servants and employees so recklessly, carelessly and negligently conducted itself and themselves toward said infant that in or about the month of March, 1924, the infant without any negligence on plaintiff's part contributing thereto, was forcibly struck or was permitted to fall or was otherwise injured by defendant, as a result of which said infant thereafter died.

Further, in the 15th paragraph, it is alleged in reference to the disinterment of the infant: " That said disinterment took place in plaintiff's presence and the head and face of plaintiff's infant showed signs of mutilation and that it had died under unusual and suspicious circumstances and the face and body of plaintiff's infant were then in such condition that it was unfit to be viewed by plaintiff or by relatives or friends, all of which caused plaintiff great anguish and grief as is hereinafter more fully alleged."

It is obvious that these allegations are irrelevant to the cause of action for invasion of the right of sepulture. This right perforce cannot arise in the next of kin until death of their relative, and no recovery is possible in the deceased child's right. As St. Augustine says in his *De Civitate Dei:* " *Sepulchrum est consolatio vivorum magis quam beneficium mortuorum."* Nor is the breach of contract pleaded material to the cause of action for the wrongful invasion of plaintiff's right of sepulture of her child.

The alleged breach of contract for improper maintenance, if, indeed, it ran to the parents, is not alleged as a ground of damage in the complaint, nor is any relief demanded. The complaint is based upon these allegations:

" *Sixteenth.* That plaintiff's infant child died while in the care of defendant as aforesaid; that plaintiff was not informed by defendant prior to said child's death of any illness of said child or of the injuries it had sustained; that plaintiff was not notified of nor did she learn of said child's death or burial until after its burial; that plaintiff did not authorize defendant or anyone in its behalf to bury said child nor did plaintiff authorize defendant to deliver said child to anyone for burial, and plaintiff's child was delivered by defendant to another for burial without authority and without plaintiff's knowledge or consent.

" *Seventeenth.* That plaintiff was entitled to the possession of

33

her infant child, and defendant, in delivering the body of plaintiff's infant to another and thus causing its burial without plaintiff's knowledge or consent, unlawfully and wrongfully and negligently interfered with and trespassed upon the rights and property of plaintiff.''

The allegations which apparently set forth a cause of action for wrongfully causing the death of the child are also irrelevant to an action for sepulture brought by his relatives. An action for wrongfully causing death can only be brought by the executor or administrator of the decedent. The parent's rights in an action for injuries to the child are restricted to an action for the loss of the child's services and for medical attendance and expenses. Mental suffering caused by the child's illness is not recoverable.

The allegations in the 8th paragraph that the plaintiff's infant was forcibly struck or permitted to fall, or was otherwise injured by the defendant, as a result of which said infant died, and the allegations in the 15th paragraph that the head and face of plaintiff's infant showed signs of mutilation and that it had died under unusual and suspicious circumstances, are by their very terms clearly irrelevant to the cause of action for defendant's invasion of the plaintiff's right of sepulture of her child.

Since these matters may not be pleaded here, the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.