AARON ZLOTOWITZ et al., Plaintiffs, *v.* JEWISH HOSPITAL, Defendant.

Supreme Court, Special Term, New York County, November 1, 1948.

*Milton I. Newman* for defendant.

*Moses H. Hoenig* and *Samuel Feinberg* for plaintiffs.

McNALLY, J. The defendant moves for an order pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, granting judgment on the pleadings dismissing the complaint for insufficiency. The complaint, alleging the following facts, seeks a declaratory judgment vindicating religious rights. The individual plaintiff is a rabbi of the Hebrew faith qualified to act as a mohel, whose function it is to perform the ritual circumcision upon male children in accordance with Hebrew religious requirements. The corporate plaintiff is a membership corporation composed of mohels qualified

to perform circumcisions in accordance with the Hebrew faith. The defendant has refused to permit the individual plaintiff and other members of the corporate plaintiff to perform circumcisions at its hospital, despite the fact that plaintiff and the said members of the corporate plaintiff have been requested by the parents of male children to be circumcised to so do.

The plaintiffs allege that defendant has by its said conduct deprived them and the said parents of constitutional rights. The plaintiffs' bill of particulars specifies the rights as follows:

" 12 (b) The right to freedom of worship; the right to pursue freely their religious beliefs; the right of Jewish parents to designate a Mohel of their own choosing; the right to perform religious acts and rites without interference.

" (c) First and Fourteenth Amendment to the Constitution of the United States; Section 3, Article I, of the Constitution of the State of New York."

An amended bill of particulars was served by plaintiffs which includes rights under section 40 of the Civil Rights Law as a basis for relief.

The constitutional rights sought to be vindicated rest upon provisions circumscribing the powers of Government, Federal and State. The First and Fourteenth Amendments of the Constitution of the United States, insofar as they relate to religion, proscribe governmental action. The same is true as to the relevant provisions of article I of the Constitution of the State of New York. (*Shelley* v. *Kraemer,* 334 U. S. 1, 13, where Chief Justice VINSON said: " Since the decision of this Court in the *Civil Rights Cases,* 109 U. S. 3 [1883], the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That amendment erects no shield against merely private conduct, however discriminatory or wrongful "; *Watchtower Bible & Tract Soc.* v. *Metropolitan Life Ins. Co.,* 188 Misc. 978, 982, 985, affd. 272 App. Div. 1039, affd. 297 N. Y. 339.) In the *Watchtower* case (*supra*) the Court of Appeals (p. 348) expressly refrained from passing on the applicability of the constitutions to " rules made by any dwelling proprietors, governing conduct inside their edifices " thereby indicating that it rested its affirmance on the assumption, *arguendo,* that the Constitutions were applicable. It seems to us, however, that in the light of the *Shelley* case (*supra*) the said provisions of the constitutions have no application to " private conduct " of the kind or character here involved.

Thereby acknowledging the necessity for predicating their claim on an act of omission or commission by the Government, Federal or State, the plaintiffs assert that the defendant is a governmental agency " insofar as the performance of ritual circumcision in its premises is concerned." It may be that in certain respects the defendant performs governmental functions, particularly in respect of free patients. In all other respects, however, the defendant is a private corporation (*Van Campen* v. *Olean General Hospital,* 210 App. Div. 204, affd. 239 N. Y. 615). As a private corporation, the defendant is not within the ambit of the constitutional provisions relied on. In no aspect of the case is the defendant the agency of the State of New York in respect of religious matters.

Section 40 of the Civil Rights Law does not support this action because the plaintiffs have not been denied admission to the defendant's hospital on account of " race, creed, [or] color ". It is clear that the defendant does permit circumcision, in accordance with the Hebrew faith, to be performed on its premises. The gist of plaintiffs' complaint is that they have not been included among those allowed to perform such circumcision.

It has been suggested, although not argued, that the plaintiffs may have a right which does not depend on the Constitutions. That right, the plaintiffs acknowledge, is something other than the right to use the property of the defendant for their own gain. This the plaintiffs do in order to avoid the impact of *Van Campen* v. *Olean General Hospital* (*supra*). They therefore argue in their brief " The plaintiffs * * * are not seeking relief for the purpose of conducting a business and profit making enterprise." Admittedly there is no privity of estate or contract between the parties. In certain cases, despite the absence of privity, the right of a business invitee of tenants has been enforced. In such cases it has been found necessary to balance the tenant's convenience against a ban imposed by the owner for his own profit (*Watchtower Bible & Tract Soc.* v. *Metropolitan Life Ins. Co.,* 297 N. Y. 339, 348, 349). In the case at bar, however, the plaintiffs disavow any business purpose and there is no suggestion of a profit motive on the part of the defendant. The motion is granted. Settle order.