Sidney Squire, J.
By order of this court dated July 22, 1960, claimant’s motion to vacate the dismissal of this claim for nonappearance on January 11, 1960 and the subsequent confirming order dated January 28, 1960, was “ denied without prejudice to renewal on appropriate papers ’ ’. The accompanying opinion (22 Misc 2d 1077) made certain suggestions to the movant.
*48 Claimant in person now moves for reargument. The motion was submitted by him, but orally argued by the opposition.
The applicable legal principles on a motion of this character have been succinctly and accurately stated in Tripp’s, Guide to Motion Practice, at page 29 under section 11, as follows: “ 2. Reargument is not granted ‘ simply because the unsuccessful counsel has thought that he would like to again argue the very questions he had already submitted to, and which had been expressly decided by the court ’ (Fosdick v. The Town of Hempstead, 126 N. Y. 651). It must be founded upon a showing that the court overlooked some decision or principle of law which would have a controlling effect, or that there has been a misapprehension of fact or that for some other reason the court mistakenly arrived at its decision. (Marine Nat. Bank v. Nat. City Bank, 59 N. Y. 67, 73; Bolles v. Duff, 56 Barb. 567, 574; A. Klipstein & Co. v. Marchmedt, 39 Misc. 794, 81 N. Y. S. 317, 318.) In the absence of such a showing, a motion for reargument will not be entertained. (Fosdick v. The Town of Hempstead, supra.) ”
This motion must be denied because there has been no adequate demonstration to warrant reargument. Short-form order signed.