J. Robert Lynch, J.
The defendants have moved under rule 106 of the Rules of Civil Practice, to dismiss the complaints ' for failure to state causes of action. The plaintiffs are husband and wife. Their identification as such is the only difference in their separate complaints.
The plaintiffs have cross-moved to supply a minor omission in their pleadings. This motion is granted and the complaints are considered to have been so amended for the purposes of the defendants’ motion to dismiss.
The plaintiffs are a faithful Jewish couple. A son was born to them in the defendant hospital. On his birth they gave notice to the hospital that he was to be ritualistically circumcised on his eighth day by a rabbi, in accordance with the tenets of their religion. Instead, the son was unceremoniously circumcised on his fourth day by a physician, the defendant Dr. Akyuz. He was assisted by unknown attendants, the defendants Jane Doe and John Doe. *19 The mother, father and son have sued. We are not concerned with the son’s complaint. The instant motion is made only against those of the parents. They have sued not derivatively but on their own behalf by very broadly drawn complaints. These appear to the court, as they do to the defendants, capable of being construed as charging assault and battery, negligence, malpractice and a violation of religious rights. However, the plaintiffs, upon the argument and in their brief, have pointed out the precise purpose of their complaints: ‘1 The intent of the first cause of action in each of the plaintiff’s complaints is to recover damages for violation of the plaintiff’s religious beliefs and rights “ The second cause of action is a claim for damages for mental pain and suffering sustained as a result of an assault and battery upon the plaintiffs’ son ”. We restrict our consideration to the complaints as limited by these explanations.
Both of the pleadings are insufficient because the plaintiffs as individuals, apart from their status as representatives of their son, do not have a legally protected interest under these circumstances (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339). To paraphrase the language of Palsgraf, at page 341 — the conduct of the defendants, if a wrong in relation to the son, was not a wrong in its relation to the plaintiffs, remote from the event. Rights are not abstractions but exist only correlatively with duties. Everyone who has been damaged by an interruption in the expected tenor of his life does not have a cause of action. The law demands that the equation be balanced; that the damaged plaintiff be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him.
The defendants here in accepting a relationship with the son assumed the risk of liability for a tortious performance to him. They did not assume any risk of liability that their acts might violate the personal sensibilities of others, be they the son’s parents, his coreligionists or the community at large.
The argument that the defendants had duties imposed on them by the Civil Rights Law (§ unspecified) and by section 3 of article I of the Constitution of the State of New York is without merit. There is no section of the Civil Rights Law germane to this issue. The Constitution expresses limitations on the power of the State and is not applicable here (Matthews v. Associated Press, 136 N. Y. 333; Matter of Kempf, 252 App. Div. 28, affd. 278 N. Y. 613; Zlotowits v. Jewish Hosp., 193 Misc. 124, affd. 277 App. Div. 974).
*20 Another fatal defect in the complaints lies in their damage allegations. The first canses of action do not specify what the damages are; they simply relate that the plaintiffs were damaged. We conclude that because no actual physical damage is claimed the damage must be the same mental pain and suffering alleged in the second causes of action. (See Kaufman v. Israel Zion Hosp., 183 Misc. 714.)
The second causes of action seek recovery for the plaintiffs’ mental pain and suffering resulting from the assault on their son. Such damages are recoverable only by him who is assaulted (Fiorello v. New York Prot. Episcopal City Mission Soc., 217 App. Div. 510; Roher v. State of New York, 279 App. Div. 1116; Blessington v. Autry, 105 N. Y. S. 2d 953; Balestrero v. Prudential Ins. Co. of America, 126 N. Y. S. 2d 792, affd. 283 App. Div. 794, affd. 307 N. Y. 709; Hutchinson v. Stern, 115 App. Div. 791; Davis v. William J. Burns Int. Detective Agency, 135 N. Y. S. 2d 59).
“ The parent’s rights in an action for injuries to the child are restricted to an action for the loss of the child’s services and for medical attendance and expenses. Mental suffering caused by the child’s illness is not recoverable ” (Fiorello v. New York Prot. Episcopal City Mission Soc., supra, p. 514).
The basic principle of these cited cases is untouched by the recent reversal of the Mitchell doctrine. Mitchell v. Rochester Ry. Co. (151 N. Y. 107 [1896]) established the rule that there can be no recovery for injuries incurred by fright, negligently induced. Battalla v. State of New York (10 N Y 2d 237 [1961]) expressly overruled it. We deem it the intention of the Battalla case to realistically enlarge the damage claim of one acted against. It did not intend to provide a cause of action for interested bystanders hitherto excluded.
The plaintiffs’ motion to amend is granted and as so amended the defendants’ motion to dismiss is granted.