Henry Tasker, J.
Defendants move for partial summary judgment dismissing the third cause of action set forth in plaintiffs’ complaint on the ground that the third cause of action was not commenced within the time limited by law. Defendants ’ *671 claim is based on the contention that the third cause of action must be one for wrongful death pursuant to article 5 of the Decedent Estate Law, and that this action was not commenced until three years after decedent’s death. It is not controverted that decedent died in June of 1957 as a result of injuries sustained in an automobile accident, and that this action was not commenced until June 3, 1960.
Plaintiffs, in opposition, contend that the cause of action in question is not one for “wrongful death” based on article 5 of the Decedent Estate Law, and so not subject to the two-year Statute of Limitations. They characterize the action as one for damages for their loss of services of their infant son and for reimbursement for medical bills and funeral expenses.
Analysis of the third cause of action reveals that plaintiff Helmutt Lahann, as administrator, and both plaintiffs as next of kin, plead their status as decedent’s next of kin and heirs at law; the appointment of plaintiff Helmutt Lahann as administrator of the decedent’s estate; an accident which caused injury to the decedent and his subsequent death; defendants’ negligence ; decedent’s earning capacity and life expectancy; entitlement of plaintiffs to services and earnings of decedent until he attained majority, loss thereof by reason of decedent’s demise; plaintiffs’ expenditures for medical attention and funeral expenses for deceased; and finally, that plaintiffs, as next of kin, have suffered damage. The fair intendment of all of the foregoing is to state a cause of action for wrongful death under the Decedent Estate Law (Greco v. Kresge Co., 277 N. Y. 26; Matter of Meng, 227 N. Y. 264). To remedy the wrongs which they allege and the damages claimed, plaintiffs must proceed under article 5. They have no other remedy, a claim for pecuniary loss arising from decedent’s death being unknown at common law (Holmes v. City of New York, 269 App. Div. 95; Kilberg v. Northeast Airlines, 9 N Y 2d 34).
Plaintiffs’ claim for loss of the services of their deceased son from the time of injury to the time of death is pleaded in the second cause of action; a claim on behalf of the administrator for conscious pain and suffering is set out in the first cause of action.
This claim for loss of earnings, services and comfort of the decedent to his next of kin, arising by reason of his death which occurred from the act, neglect or default of another may not be maintained except pursuant to section 130 et seq. of the Decedent Estate Law. The limitation period in that section is applicable.
Defendants’ motion is granted; the third cause of action is dismissed.