Eugene P. Sullivan, J.
This is a motion to dismiss the complaint on the ground that it fails to state a cause of action.
The plaintiffs are husband and wife. His cause of action is derivative.
The complaint alleges that the defendant, Marjorie McEwen, was operating an automobile owned by the other defendant, Robert McEwen, on a public highway in the Hamlet of Deans *583 boro, Oneida County, and that, at the said time and place, Robert Dale Haight, Jr., son of these plaintiffs, was crossing the highway when the defendant, Marjorie McEwen, so carelessly and negligently operated the automobile that it struck the son of the plaintiffs, thereby causing his death instantly and that, at the said time and place when the plaintiffs’ son was killed, the plaintiff, Patricia Haight, was present and watching her son cross the highway and that she observed and witnessed the killing of her son and that, as a result of the foregoing, she ‘1 became mentally ill and was caused to suffer severe emotional and neurological disturbances with residual physical manifestations and was hospitalized for a long period of time and still is mentally ill and continues to suffer from such disturbances and manifestations and has been and will be for sometime required to obtain medical help and psychiatric treatments in order to be cured of her said ailments.”
The precise question presented by the instant case appears to be one of first impression in New York. However, the tendency of the law today is in the direction of allowing recovery both for mental injury and harm to a third person — at least one intimately connected with the event as is the case here. (See 25 Brooklyn L. Rev. 264 [1959]; 49 Harv. L. Rev. 1033 [1936] ; 20 Mich. L. Rev. 497 [1921-1922].)
“ Freedom from mental disturbance is now a protected interest in this State.” (Ferrara v. Galluchio, 5 N Y 2d 16, 21.)
“ The question ‘ whether the intentional infliction of serious mental distress without physical impact can constitute an independent tort which is actionable per se ’ was 1 answered in the •affirmative ’. [Halio v. Lurie, 15 A D 2d 62, 65.] In the course of its well-reasoned opinion, the court pointed out that in the recent case of Battalla v. State of New York (10 N Y 2d 237) the prior requirement of physical contact or direct physical injuries in actions to recover for personal injuries resulting from negligence was abandoned. In the Battalia case, a plaintiff was held to have a good cause of action for mental distress resulting from a negligent act of defendant, although no physical contact was involved.” (Scheman v. Schlein, 35 Misc 2d 581, 583.)
It is the contention of the defendants that, in the cases which present exceptions to Mitchell v. Rochester Ry. Co. (151 N. Y. 107) and the case which overruled it (Battalla v. State of New York, supra) each plaintiff, who sought recovery, was the person whose safety had been threatened, viz.: the threat of cancer in Ferrara v. Galluchio (supra) and the unclosed safety bar in Battalla (supra). “ The fact that the pleading here under *584 attack does not fall plainly within the rule announced in some decided case does not require the dismissal of the complaint. The law should never suffer an injury and damage without a remedy (Kujek v. Goldman, 150 N. Y. 176; Piper v. Hoard, 107 N. Y. 73, 76).” (Halio v. Lurie, 15 A D 2d 62, 67.)
What is more, as the Court of Appeals wrote in Battalla (supra, p. 239): “ On the other hand, resort to the somewhat inconsistent exceptions would merely add further confusion to a legal situation which presently lacks that coherence which precedent should possess. ‘ We act in the finest common-law ' tradition when we adopt and alter decisional law to produce . common-sense justice. * * * Legislative action there could, of course, be, but we abdicate our own function, in a field peculiarly nonstatutory, when we refuse to reconsider an old and unsatisfactory court-made rule. (Woods v. Lancet, 303 N. Y. 349, 355.) ”
In Amaya v. Home Ice Fuel & Supply Co. (23 Cal. Refp. 131), the plaintiff, a mother, had seen her infant son injured by the negligence of the defendant in the operation of his truck. She brought an action to recover for the shock and ensuing ‘ physical illness which she suffered as a result thereof. The court, in allowing recovery, held that a parent who witnesses the exposure of his child to danger caused by defendant’s negligence is included within the class of persons to whom the defendant owes a duty.
In Hambrook v. Stokes Bros. (1925) (1 K. B. 141), cited in Amaya v. Home Ice, Fuel & Supply Co. (supra) and in volume 30 of the Virginia Law Review at page 236, the defendant left a lorry insecurely parked at the top of a hill commanding á neighborhood street frequented by children on the way to school. The vehicle ran away, careening downward until it came to a stop by running into a store. Plaintiff’s intestate, had gone part way to school with her two small children and she had left them a few moments before to continue their course up the narrow roadway down which the runaway truck came immediately afterward. The mother was in no personal danger and experienced no fear for her own safety, but was much frightened by the surmise that one of her children may have been struck and injured. Someone in the assembled crpwd said that a little girl with glasses had been hurt by the lorry, and indeed, when the plaintiff went to the hospital, her fears were confirmed by finding her child in bed. It was alleged that the defendant’s negligence caused the plaintiff’s intestate to suffer nervous shock and consequent illness which led to her death. The court decided that a mother injured through reasonable fears for safety of her *585 children may hold a culpable defendant liable in damages. The important facts to note are that the mother’s fright was reasonable, that she was personally present in an area where defendant could anticipate her presence, and that injury by fright to a person of her class was a foreseeable consequence of defendant’s negligence.
In the instant case, the plaintiff mother was actually present and witnessed the killing of her son, her shock or fright was reasonable and whether or not the defendant should have anticipated the mother’s presence and whether or not her fright was a foreseeable consequence of the defendant’s negligence may or could be revealed by the proof at the trial. •'
“ However, for the purpose of pleading, an allegation of the infliction of severe mental distress is sufficient. If there is a •failure of proof of this allegation at the trial the cause will be defeated. The capability of the medical profession in the psychiatric field to determine if severe mental distress has been inflicted is today recognized. No longer are claims based upon such testimony deemed ‘ fictitious and speculative ’ (see Mitchell v. Rochester Ry. Co., 151 N. Y. 107, 110, overruled by Battalla v. State of New York, 10 N Y 2d 237).” (Scheman v. Schlein, 35 Misc 2d 581, 584, supra.)
11 It is alleged that the mental suffering caused by the defendant’s conduct was genuine and extreme and that the results which followed were severe. It will be for the trier of the facts to determine whether such injuries were actually suffered, and whether the conduct of the defendant was such that it may be said that it went beyond all reasonable bounds of decency (see Restatement, Torts, 1948, Supp., § 46; Prosser, Torts [2d ed.], p. 38 et seq.).” (Hailo v. Lurie, 15 A D 2d 62, 67, supra; Prosser, Torts [2d ed.], p. 180.)
“It is entirely possible to allow recovery only upon satisfactory evidence and deny it when there is nothing to corroborate the claim, or to look for some guarantee of genuineness in the circumstances of the case. The problem is one of adequate proof ”. (Ferrara v. Galluchio, 5 N Y 2d 16, 21, supra.)
“ As Chief Judge Conway wrote in Ferrara v. Galluchio (5 N Y 2d 16, 22) quoting from Bird v. St. Paul Fire & Marine Ins. Co. (224 N. Y. 47, 52, 53): ‘ Each negligence case must * * ' * be solved “ pragmatically.” ’ It follows, therefore, that in order to properly pass upon defendant’s contention a complete analysis of the evidence adduced at the trial is essential.” (Luneau v. Elmwood Gardens, 22 Misc 2d 255-256.)
‘ ‘ The fact that the injuries were brought about through the medium of fright affords no reason for denying a recovery. *586 This case offers an illustration of what has been characterized by the Law Revision Commission as ‘ the external operation of fright ’ (1936 Report of N. Y. Law Rev. Comm., pp. 381, 439). * * * Fear merely served as a link in the chain of causation between the approach of the train and the physical trauma. * * *. It has long been the law of this State that recovery can be had for physical injuries caused by the external operation of fright [citations]. There is no requirement ‘ that the force proceed directly from defendant to plaintiff 5 (Harper & James, Torts, § 18.4, p. 1033; Bohlen and Polikoff, 32 Col. L. Rev., 409, 412-413).” (Gonsenhauser v. New York Cent. R. R. Co., 8 A D 2d 483, 487.)
It is interesting to note that the facts in the afore-cited case are that the plaintiff’s cows, while on the defendant’s railroad right of way, were injured and damaged. The evidence established that the óows escaped from their pasture onto the defendant’s right of way through a defective portion of the railroad fence (violation of section 52 of Railroad Law). A train came along, struck and killed one of the cows. The rest pf the cows stampeded in fright and suffered cuts, bruises and lacerations as a result of striking each other or as a result of falling and coming in contact with objects on the ground. On the appeal, it was the defendant’s contention that there could be no recovery of damages except for the animals actually struck by the train. The question posed was whether or not recovery is limited to the injuries caused by actual collision with the train or recovery can also be had for injuries suffered by the animals because of fright caused by the approach of the train.
It seems to the writer that, if the owner of cows may recover damages for their loss because of their being frightened by the act of the defendant, it is not too much to expect that a human being should be afforded the same opportunity, particularly under the facts in the instant case.
In his opinion in the afore-cited case, Mr. Justice Halperít wrote (p. 489): “ The principle laid down in the early cases cited above is applicable a fortiori in this case, in view of the modern trend in the direction of allowing recovery for injuries to human beings caused by the internal operation of fright or other emotion without any impact or contact [emphasis, supplied) (Restatement, Torts, § 313, and 436 and 1948 Supp. thereto; Ferrara v. Galluchio, 5 N Y 2d 16, 21; 25 Brooklyn L. Rev. 264; Prosser, Torts [2d ed.], § 37, pp. 176-181; 2 Harper & James, Torts, § 18.4, pp. 1033-1034).”
*587 “It is not consonant with the reactions, or the mores, of the society of today to hold that the mother who suffers emotional distress upon the sight of her child’s injury should not recover if the trier of the fact finds such injury was reasonably foreseeable.” (Amaya v. Home Ice, Fuel & Supply Co., 23 Cal. Rep. 131, 140, supra.)
“'It seems sufficiently obvious that the shock of a mother at danger or harm to her child may be both a real and serious injury. All ordinary human feelings are in favor of her action against the negligent defendant.” (Prosser, Law of Torts [2nd ed., 1955], p. 181.)
Kalina v. General Hosp. (31 Misc 2d 18, affd. 18 A D 2d 757 [a dissenting opinion], affd. 13 N Y 2d 1023 [two Judges dissenting], has been called to the writer’s attention. In dismissing the complaint, the Justice at Special Term wrote (pp. 19', 20): ‘ ‘ However,, the plaintiffs, upon the argument and in their brief, have pointed out the precise purpose of their complaints: ‘ The intent of the first cause of action in each of the plaintiff’s complaints is to recover damages for violation of the plaintiff’s religious beliefs and rights ’; ‘ The second cause of action is a claim for damages for mental pain and suffering sustained as a result of an assault and battery upon the plaintiffs’ son.’ We restrict our consideration to the complaints as limited by these explanations. * * * We deem it the intention of the Battalia case to realistically enlarge the damage claim of one acted against. It did not intend to provide a cause of action for interested bystanders hitherto excluded.”
The Appellate Division affirmed without opinion. In the memorandum of the Court of Appeals, no mention is made of the Battalia case or its import.
The writer is of the opinion that the last sentence in the excerpt from the afore-cited case Is obiter dicta. (See Amdursky ‘ ‘ Interest in Mental Tranquility/’ 13 Buffalo L. Rev.. 339 et seq. [1964].)
Basically, it is: “ The general rule in torts applied to such actions as those of negligence is that a wrongdoer Is responsible for the natural and proximate consequences of his conduct, ■and what are such consequences must be generally left for the determination of the jury. [Citations]. The essential requirements in such cases are that the damages shall be directly traceable to the wrongful act and. not the consequence of some intervening outside cause, and! that they shall be the natural result thereof..” (Garrison v. Sun Print. & Pub. Assn., 207 N. Y. 1, 7.)
*588 It is this court’s opinion that, in order to properly pass upon the defendants’ motion to dismiss the complaint herein on the ' ground that it fails to state a cause of action, a complete analysis of the evidence adduced at the trial is essential. Order accordingly.