Clarence H. Brisco, J.
The defendant, the Town of Chili, has made a motion for judgment dismissing the complaint pursuant to CPLR 3211 (subd. [a]) upon the ground that the complaint fails to state a cause of action and for other and further relief.
The defendant, the Town of Gates, has made a motion for an order granting judgment dismissing the complaint of the plaintiffs, upon the merits, upon the ground that the complaint herein does not state a cause of action and for other and further relief. This motion is made under CPLR 3211 (subd. [a], par. 7).
This action was commenced by service of a notice of claim upon the defendants, the Town of Chili and the Town of Gates, and by service of a summons and complaint upon said defendants on February 11, 1965.
. The complaint alleges that on or about the 16th day of November, 1963, at about 8 o’clock in the evening of that day, the decedent, John Napolitano, was walking in a northerly direction on the easterly shoulder of Fisher Road, a public highway which was in the Town of Chili and in the Town of Gates, adjacent to the paved portion of said Fisher Road; that at said time and place, Donald Gardner was driving his automobile in a northerly direction on said Fisher Road, when he operated his said vehicle so negligently, carelessly and recklessly, that he *921 struck the said John Napolitano, thereby causing John Napolitano to be thrown with great force and violence along the easterly shoulder of Fisher Road, and causing John Napolitano to suffer extensive head and body injuries, of which he subsequently died.
The complaint further alleges generally that certain police officers of the Town of Gates and the Town of Chili undertook to perform an investigation of said motor vehicle accident which resulted in the injury and fatality to said John Napolitano, and that such investigation was performed in such a manner that the true circumstances surrounding said accident were either concealed or distorted.
The said complaint further alleges that said police officers negligently or willfully failed to perform customary acts which would ordinarily be performed by officers investigating a personal injury under the circumstances of said accident.
The said complaint further alleges that certain of said investigating officers, by affirmative action, hid and confused certain material facts relating to said accident, performed acts rendering ineffectual any chemical test of the driver of the vehicle in order to determine the alcohol content of his blood, and filed an accident report containing a material false statement.
The said complaint further alleges that said decedent was deprived of his civil rights, his constitutional rights, and that said decedent was deprived of the rights accorded him by law.
The said complaint further alleges that at the time and place aforesaid certain of the said agents, servants and employees of the said defendant towns willfully, wantonly, maliciously and without just cause or justification failed and refused to perform the duties enjoined upon them by virtue of their offices; failed and refused to perform the duties specifically enjoined upon them by statute; and failed and refused to perform such acts as the furtherance of justice required under the circumstances.
Two causes of action have been alleged by the plaintiff, Ann Marie Napolitano, the mother of the decedent, John Napolitano. She alleges in her first cause of action that she has been deprived of her rights by reason of the misconduct of the agents, servants and employees of the defendants. She has further alleged in a second cause of action that she has been forced to witness and endure the denial of rights to her deceased son, and that she suffered extreme mental anguish and disturbance with resulting physical manifestation.
Three causes of action have been alleged by the plaintiff Carl Napolitano as an individual. He alleges in his first cause of action that he has been deprived of his rights by reason of the conduct of the agents, servants and employees of the defendants. *922 He alleges in his second cause of action that he has been forced to witness and endure the denial of rights to his deceased son and has suffered extreme mental anguish and disturbance, with resulting severe physical manifestations. He alleges in his third cause of action that his wife, Ann Marie Napolitano, was rendered sick, sore and disabled and that ho has been deprived of her society by reason of the misconduct of the agents, servants and employees of the defendants.
The claim of Battalla v. State of New York (10 N Y 2d 237) has been distinguished on the ground that the Battalla case did not extend recovery to bystanders witnessing an accident. (Also, see, Kalina v. General Hosp., 31 Misc 2d 18 [Supreme Ct. 1961], affd. 18 A D 2d 757 [4th Dept., 1962], affd. 13 N Y 2d 1023 [1963]; Argyll v. International Security Bur., 16 A D 2d 921 [1st Dept., 1962]; Lahann v. Cravotta, 228 N. Y. S. 2d 371 [Supreme Ct., 1962]; Berg v. Baum, 224 N. Y. S. 2d 974 [Supreme Ct., 1962].)
I am not unmindful of a Supreme Court decision in 1964, to wit: Haight v. McEwen (43 Misc 2d 582). The boy’s mother, in that action, witnessed the accident from across the street. She brought an action alleging “ severe emotional and neurological disturbances with residual physical manifestations ”. On a motion to dismiss for failure to state a cause of action, the court denied the motion. In that case, the court cited Amaya v. Home Ice, Fuel & Supply Co. (23 Cal. Rptr. 131 [Dist. Ct. of App., 1962]). The Amaya case, however, thereafter, was reversed. (See 59 Cal. 2d 295 [1963].)
Some legal scholars favor a cause of action for mental fright occasioned by witnessing a negligent act to a third party. (See 2 Harper and James, Torts, 1035-1036, and Prosser, Torts 353 [3d ed., 1964].) In this connection there are interesting law review articles relating to mental fright. (See 13 Buffalo L. Rev., ‘ ‘ The Interest in Mental Tranquility ’ ’ p. 339 by Robert S. Amdursky; also, see, 14 Buffalo L. Rev., p. 332.)
It is my considered judgment that the defendants should not have such a duty to carry under the facts and circumstances in this case.
The plaintiffs Aun Marie Napolitano and Carl Napolitano cannot recover for deprivation of civil rights or for mental anguish with resulting physical manifestations.
The first and second causes of action alleged by the plaintiff, Ann Marie Napolitano, individually, are dismissed and defendants’ motion is granted accordingly.
The first, second and third causes of action alleged by the *923 plaintiff, Carl Napolitano, individually, are dismissed and defendants ’ motion is granted accordingly.
A municipality is answerable, however, for the negligence of its agents in exercising a proprietary function. It is also answerable for the negligence of commission of its agents, servants and employees in exercising a governmental function. (See Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845; Schuster v. City of New York, 5 N Y 2d 75, 82; Ritter v. State of New York, 204 Misc. 300, 306; McCrink v. City of New York, 296 N. Y. 99; 44 Cornell L. Q., pp. 446-450; Runkel v. City of New York, 282 App. Div. 173, 178; Anderson, “ Claims Against States,” 7 Vand. L. Rev. 234, 245.)
A legal duty may exist as to some persons, and not as to others, depending upon peculiar relations and circumstances. (Larmore v. Crown Point Iron Co., 101 N. Y. 391, 394; Bailey v. Central Vt. Ry., 319 U. S. 350, 353; Sadowski v. Long Is. R. R. Co., 292 N. Y. 448, 455; Mink v. Keim, 291 N. Y. 300, 304.)
The complaint, herein, must be liberally construed. (Foley v. D’Agostino, 21 A D 2d 60.)
The motion, therefore, to dismiss the first and second causes of action on behalf of Carl Napolitano as Administrator of the estate of John Napolitano is denied.