SHARON BOND, an Infant, by WARREN S. BOND, Her General Guardian, et al., Plaintiffs, *v.* GEORGE M. SMITH et al., Defendants.

Supreme Court, Erie County, November 7, 1966.

*Pottle, O'Shea, Adamson & Reynolds* (*Philip J. O'Shea* of counsel), for George M. Smith, defendant. *Emanuel Boasberg* and *Alan H. Levine* for plaintiffs.

HAROLD P. KELLY, J. The defendants move to strike from the complaint allegations in the first sentence of paragraph numbered " SEVENTEENTH " upon the grounds that these allegations are scandalous, prejudicial and unnecessarily inserted in the complaint. The pertinent part of the paragraph in question is as follows: " That as a result of the actions hereinbefore described, the infant plaintiff's husband sustained terrible injuries which subsequently resulted in his death, and which included a leg torn from his body and the spilling of brain tissue on the road before the infant plaintiff's eyes."

The plaintiffs' causes of action arose from an accident on April 10, 1966, when the plaintiff, Sharon Bond, and her husband were walking on a shoulder of a road in the Town of Concord. It is alleged that the defendant, George M. Smith, operated his automobile in such a manner that it crossed the center line of the highway and struck the plaintiff Sharon Bond's husband with great violence resulting in his death and that his body was thrown so that it struck the plaintiff, Sharon Bond, causing injuries to her as alleged in the complaint.

The defendants in addition to their objection to the particular words used in the first sentence of paragraph " SEVENTEENTH " of the complaint also assert that the plaintiff, Sharon Bond, should not be permitted to seek damages for fright, mental and emotional shock, and injury to her nervous system caused by the fact of her witnessing the injuries to and the death of her husband. The defendants do not object to her seeking damages for the same injuries if she sustained the same as a result of her being struck down in the same accident.

This motion brings into review the various decisions that have been rendered in relation to recovery for mental or emotional distress without direct physical injury. The Court of Appeals in *Battalla* v. *State of New York* (10 N Y 2d 237) held that a

recovery could be had for mental or emotional distress, without any contemporaneous physical contact or direct physical injury, overruling *Mitchell* v. *Rochester Ry. Co.* (151 N. Y. 107) and that the genuineness of the mental distress is to be decided after a trial and not upon a motion addressed to the pleadings.

After the *Battalla* case various decisions limited the broad language of this decision and are commonly referred to as the "bystander cases". The leading case denying recovery to so-called bystanders was the *Kalina* v. *General Hosp. of City of Syracuse* (31 Misc 2d 18, aff. 18 A D 2d 757, affd. without opn. 13 N Y 2d 1023). In the *Kalina* case the parents of a son sued for damages for mental pain and suffering sustained as a result of an assault and battery upon their son. The reason for the holding in the *Kalina* case (pp. 19, 20) is found in the following quotations:

"Both of the pleadings are insufficient because the plaintiffs as individuals, apart from their status as representatives of their son, do not have a legally protected interest under these circumstances (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339). To paraphrase the language of *Palsgraf*, at page 341—the conduct of the defendants, if a wrong in relation to the son, was not a wrong in its relation to the plaintiffs, remote from the event. Rights are not abstractions but exist only correlatively with duties. Everyone who has been damaged by an interruption in the expected tenor of his life does not have a cause of action. The law demands that the equation be balanced; that the damaged plaintiff be able to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him.

"The defendants here in accepting a relationship with the son assumed the risk of liability for a tortious performance to him. They did not assume any risk of liability that their acts might violate the personal sensibilities of others, be they the son's parents, his coreligionists or the community at large. * * *

"We deem it the intention of the *Battalla* case to realistically enlarge the damage claim of one acted against. It did not intend to provide a cause of action for interested bystanders hitherto excluded."

It would appear therefore that in those cases where the so-called "bystander" was not permitted to recover, that the negligence of the defendant was not so proximately related to a sufficient degree to the injuries of the plaintiff as to permit the court to submit the question of proximate cause to the jury. In other words, it could be said that it was held as a matter of

law that the negligence of the defendant was not the proximate cause of the injuries (mental and emotional distress) to the plaintiff.

In the present case the question of the proximate cause of the plaintiff's mental and emotional distress should be submitted to a jury for them to determine whether or not these injuries were caused by the fact of her witnessing the injuries to her husband or her nearness to the defendant's automobile.

It is also the opinion of this court that paragraph " SEVEN- TEENTH " of the complaint as now worded contains certain words that are prejudicial to the defendants. The word " terrible " and the words " before the infant plaintiff's eyes " in the first sentence should be deleted.

Plaintiffs are given 10 days from the date of the order to serve an amended complaint in accordance with this memorandum.