PHILOMENA TOBIN, as Mother and Natural Guardian of GREGORY TOBIN, an Infant, et al., Respondents, *v.* STUART GROSSMAN, Appellant.

Third Department, June 28, 1968.

230

*Donohue, Bohl, Clayton & Komar (Myron Komar* of counsel), for appellant.

*Sanford Rosenblum (Eugene R. Spada* of counsel), for respondents.

AULISI, J.   Appeal is taken from an order of the Supreme Court at Special Term, entered December 4, 1967 in Albany County which denied a motion to dismiss the third cause of action in plaintiffs' complaint, and from an order denying reargument of such motion.

It is alleged that on September 18, 1966, the infant plaintiff sustained personal injuries by reason of defendant's negligent operation of his automobile.   The first cause of action for personal injuries to the infant plaintiff and the second, a derivative action asserted by the mother, are not involved in this appeal.   The third cause of action in the complaint alleges that " at the time and place of said accident wherein her said infant son was struck down, the plaintiff, Philomena Tobin, was present near the said public sidewalk and in close proximity to where her infant child was then walking; that it was under such circumstances that the defendant, Stuart Grossman, did then and there, in full view and presence of the plaintiff, strike and injure her infant child. "   The complaint, so far as pertinent here, further alleges that as a result of the accident occurring in the presence of the plaintiff, she has become physically and mentally ill; that defendant should have anticipated or reasonably foreseen that as a consequence of his negligent conduct, " any close relative present in the immediate

vicinity, including the child's mother, was likely to sustain shock induced by fear of imminent danger and injury to her child.'' The third cause of action seeks to recover damages for these alleged injuries suffered by the mother.

The defendant moved to dismiss the third cause of action on the ground it failed to state a cause of action (CPLR 3211, subd. [a], par. 7) and Special Term denied the motion. Thereafter, at an examination before trial, the mother indicated that she had not actually seen her son struck by the automobile, but was actually inside a house when she heard the brakes and only then went outside to see her son lying on the lawn. On the basis of this testimony, defendant applied for reargument on his original motion. This application was denied (see *Grossman v. State of New York*, 25 Misc 2d 47, 48). For purposes of this appeal, we do not rely on the evidence adduced at the examination before trial, and we adhere to the rule that the allegations of the complaint must be accepted as true (see *Kober v. Kober*, 16 N Y 2d 191, 193).

The main issue then is whether or not a mother may recover damages for emotional and physical injuries resulting from shock caused by fear for her infant child who is negligently struck by the automobile of defendant in her presence. There appears to be no recent New York appellate authority on the present question. Three courts of original jurisdiction have denied the cause of action (*Napolitano v. Town of Chili*, 47 Misc 2d 920 [dictum]; *Lahann v. Cravotta*, 228 N. Y. S. 2d 371; *Berg v. Baum*, 224 N. Y. S. 2d 974) and two have sustained it (*Bond v. Smith*, 52 Misc 2d 186; *Haight v. McEwen*, 43 Misc 2d 582). (See, also, *Lula v. Sivaco Wire & Nail Co.*, 265 F. Supp. 222.)

In allowing the cause of action to stand, the Special Term relied on *Battalla v. State of New York* (10 N Y 2d 237) which overruled *Mitchell v. Rochester Ry. Co.* (151 N. Y. 107) and held that a plaintiff may recover for injuries, physical or mental, incurred by fright negligently induced. In *Battalla v. State of New York (supra)*, the infant plaintiff was placed in a chair lift by an employee of the State who failed to secure and properly lock the belt intended to protect the occupant and as a result of such negligence the plaintiff suffered fright and consequential injuries. Since in *Battalla* the defendant's negligent act directly resulted in the infant plaintiff's fright, and thus did not involve a bystander's cause of action, that case is not dispositive here. Indeed, in *Kalina v. General Hosp. of City of Syracuse* (13 N Y 2d 1023) an affirmance of a dismissal of

a cause of action on the opinion of Special Term, the court at Special Term by way of dictum said that *Battalla* did not intend to provide a cause of action for interested bystanders (31 Misc 2d 18, 20).

We note that in nearly all the jurisdictions where the issue has been considered, recovery has been denied. Most of these cases are collated in the recent California case of *Amaya* v. *Home Ice, Fuel & Supply Co.* (59 Cal. 2d 295) where the rule of nonliability was followed. (See, also, *Knaub* v. *Gotwalt,* 422 Pa. 267; *Barber* v. *Pollock,* 104 N. H. 379; *Beaty* v. *Buckeye Fabric Finishing Co.,* 179 F. Supp. 688 [applying Ark. law]; *Duet* v. *Cheramie,* 176 So. 2d 667 [La.]; see generally Ann. 18 ALR 2d 220, 230 *et seq.*)

The reasons for the argument are set out in the majority opinion in the *Amaya* case (*supra*), and we see no reason for reiterating them here. A line must be drawn somewhere, and under the facts of this case in our judgment this is the most reasonable place to draw it. We, therefore, hold that the third cause of action should be dismissed.

The appeal from the order denying reargument should be dismissed (*Kepecs* v. *Lobel,* 23 A D 2d 632).

Gibson, P. J., Herlihy, Reynolds and Gabrielli, JJ., concur.

Order entered December 4, 1967 reversed, on the law and the facts, without costs, and third cause of action dismissed. Appeal from order entered March 14, 1968 dismissed, without costs.