Hilda G. Schwartz, J.
Plaintiff sues, in his first cause of action, for property damages arising out of the death of his horse “ Mortarmain ” at Shore Drive and Pelham Drawbridge, Pelham Parkway, Bronx, allegedly caused by the negligence of the defendants in the operation of their vehicle.
As a second cause of action, plaintiff demands damages in the sum of $2,500 for fright and impairment of plaintiff’s emotional stability arising out of the killing of his horse. Defendants move to dismiss on the ground it does not state facts sufficient to constitute a cause of action.
Plaintiff states that his horse, a five-year-old, was more than an ordinary saddle horse in the sense that it was ridden by his grandchildren, was especially affectionate and intelligent, *620 and that a strong emotional attachment existed between the animal and members of his family. He is the owner of a riding school, and the horse was one of a number of saddle horses owned by him. Plaintiff does not claim to have been a witness of the accident.
On this motion, a review of the various court decisions relating -to recovery of damages for mental or emotional distress without direct physical injury or impact to claimant is appropriate.
The Court of Appeals, in Battalla v. State of New York (10 N Y 2d 237) overruling Mitchell v. Rochester Ry. Co. (151 N. Y. 107), held that recovery could be had for injuries, physical or mental, incurred by fright negligently induced, even where no impact was involved.
In the Battalla case, the defendant’s negligent act resulted in the fright of the infant plaintiff herself and thus did not involve a “ bystander ” cause of action. In Tobin v. Grossman (30 A D 2d 229 [1968]), the court said at page 231: “ Since in Battalia the defendant’s negligent act directly resulted in the infant plaintiff’s fright, and thus did not involve a bystander’s cause of action, that case is not dispositive here. Indeed, in Kalina v. General Hosp. of City of Syracuse (13 N Y 2d 1023), an affirmance of a dismissal of a cause of action on the opinion of Special Term, the court at Special Term by way of dictum said that Battalla did not intend to provide a cause of action for interested bystanders (31 Misc 2d 18, 20).”
After the Battalla case various decisions limited the broad language of this decision and are commonly referred to as the “bystander” cases. (Bond v. Smith, 52 Misc 2d 186, 188.) In some of the cases involving the right of a plaintiff to recover for emotional distress, the plaintiffs were witnesses of the incident inflicting injuries upon a third person.
In Tobin v. Grossman (supra) it was held by the Appellate Division, Third Department, that a mother could not recover damages for emotional and physical injuries resulting from shock caused by fear for her infant son negligently struck by defendant’s automobile, in her presence. The court said, at pages 231-232: ‘ ‘ The main issue then is whether or not a mother may recover damages for emotional and physical injuries resulting from shock caused by fear for her infant child who is negligently struck by the automobile of defendant in her presence. There appears to be no recent New York appellate authority on the present question. Three courts of original jurisdiction have denied the cause of action (Napolitano v. Town of Chili, 47 Misc 2d 920 [dictum]; Lahann v. Cravotta, *621 228 N. Y. S. 2d 371; Berg v. Baum, 224 N. Y. S. 2d 974), and two have sustained it (Bond v. Smith, 52 Misc 2d 186; Haight v. McEwen, 43 Misc 2d 582). (See, also, Lula v. Sivaco Wire & Nail Co., 265 F. Supp. 222.) * # * We note that in nearly all the jurisdictions where the issue has been considered, recovery has been denied. Most of these cases are collated in the recent California case of Amaya v. Home Ice, Fuel & Supply Co. (59 Cal. 2d 295) where the rule of nonliability was followed. (See, also, Knaub v. Gotwalt, 422 Pa. 267; Barber v. Pollock, 104 N. H. 379; Beaty v. Buckeye Fabric Fininshing Co., 179 F. Supp. 688 [applying Ark. Law]; Duet v. Cheramie, 176 So. 2d 667 [La.]; see, generally, Ann. 18 ALR 2d 220, 230 et seq.) * # # A line must be drawn somewhere, and under the facts of this case in our judgment this is the most reasonable place to draw it. We, therefore, hold that the third cause of action should be dismissed. ’ ’
In the two cases in courts of original jurisdiction which have sustained such cause of action, Bond v. Smith (52 Misc 2d 186, supra) involved a claim by plaintiff for damages for fright and emotional shock caused by witnessing injuries to and the death of her husband when struck by defendant’s automobile. In Haight v. McEwen (43 Misc 2d 582) a mother who became mentally ill and sustained emotional disturbances as a result of witnessing defendant’s car strike her son and cause his instant death was held to have a cause of action. In the Bond case, the court held that in those eases where the so-called “ bystander ” was not permitted to recover, the negligence of the defendant was not so proximately related to a sufficient degree to the injuries of the plaintiff as to permit the court to submit the question of proximate cause to the jury.
In Lahann v. Cravotta (40 Misc 2d 670), the complaint of a mother whose child was negligently killed in her presence was dismissed.
In Berg v. Baum (224 N. Y. S. 2d 974), a parent’s complaint for mental suffering and fright when witnessing the defendant’s vehicle striking the child was dismissed.
In Argyll v. International Security Bur. (16 A D 2d 921). plaintiff’s complaint for mental distress due to electronic eaves dropping was dismissed.
In Robbins v. Castellani (37 Misc 2d 1046), where plaintiff’s son was negligently shot and killed by defendant on a hunting trip, not in plaintiff’s presence, the complaint was dismissed.
In Markowitz v. Fein (30 A D 2d 515 [1968]), the Appellate Division, First Department, in dismissing as legally insufficient plaintiff’s cause of action based upon mental anguish and suf *622 fering of .the decedent’s family caused by decedent’s disappearance, said at page 515: “ The plaintiffs herein were not the subjects of the alleged intentional tort and were not witnesses thereto. ’ ’
After the Battalia case, a leading case on the subject of the “interested bystander” was Kalina v. General Hosp. of City of Syracuse (31 Misc 2d 18, 19; affd. 18 A D 2d 757; affd. without opinion 13 N Y 2d 1023 [1963]). There, parents whose infant son was circumsized contrary to their religious requirements sued for mental pain and suffering resulting from the claimed assault upon their son. The court held that the plaintiff parents, as individuals, do not have a legally protected interest under these circumstances; that everyone who has been damaged by an interruption in the expected tenor of his life does not have a cause of action. It said, page 20: “ We deem it the intention of the Battalla case to realistically enlarge the damage claim of one acted against. It did not intend to provide a cause of action for interested bystanders hitherto excluded. ’ ’
In view of the decisional law, it is clear that plaintiff in the case at bar, although he suffered grief and endured emotional and mental distress occasioned by the killing of a beloved animal, does not have a legally protected interest as to his mental suffering.
Plaintiff’s second cause of action is legally insufficient, and defendants’ motion to dismiss it is granted.