OPINION OF THE COURT
Herman Cahn, J.
Petitioner is the father of a boy born eight days ago. The child was born at respondent hospital, where his mother is still a patient. The mother’s physician, who has spoken to the court over the telephone advises that the mother should not yet be discharged, and should remain a patient at the hospital for one or more days.
Petitioner, his wife and son are Orthodox Jews. Petitioner seeks to have his child circumcised in a manner acceptable to him religiously. This requires that the circumcision be performed on the eighth day (today), and by a religiously qualified person “whose function it is to perform the ritual circumcision upon male children in accordance with Hebrew religious requirements” (Zlotowitz v Jewish Hosp., 193 Misc 124, affd 277 App Div 974), a mohel. The child is apparently healthy and a religious circumcision, “bris”, can easily be performed.
Respondent hospital objects to having the “bris” performed on its premises, as petitioner demands. Respondent *108 states, in oral argument, that its by-laws prohibit the performance of a surgical procedure by one whom it has not admitted to hospital privileges, and it has admitted no “mohel” to hospital privileges. It fears exposure to claims of mistreatment, etc., despite the offer of petitioner, an attorney, to waive any such claims, or to hold respondent harmless against them.
As an alternative, it was suggested that the “bris” be performed outside respondent’s premises, and that the child be returned to respondent’s nursery immediately thereafter. Respondent objects to this on the grounds that once a newborn infant is removed from its custody and control, it would represent a danger to restore said infant to the (newborn) nursery. Respondent suggests instead that the infant be admitted after the “bris” to its pediatric ward, under conditions which would approximate as closely as possible the conditions of the newborn nursery. Specifically, the child would receive treatment and care similar to that received in the nursery, and would be brought to its mother for feeding (however at different times), as are children in the nursery. Respondent concedes that said treatment would also be violative of its rules or normal practices.
Petitioner objects to the respondent’s suggested solutions on the grounds that it is detrimental to his wife’s psychological health and well-being and on the grounds that it violates his rights under section 2803-c of the Public Health Law.
- After hearing extensive argument both from the attorneys for the parties and by telephone from various hospital-affiliated doctors (which was necessary because a decision must be rendered immediately or the matter becomes moot, and because counsel was otherwise engaged during a large part of the morning), the court feels that petitioner is entitled to have a “bris” performed for his infant son. Said right is one of the rights specifically mandated by statute. Section 2803-c (subd 3, par a) of the Public Health Law states that “every patient’s civil and religious liberties * * * shall not be infringed, and the facility shall encourage and assist in the fullest possible exercise of these rights.” There *109 fore, respondent is mandated to assist petitioner in obtaining a “bris” for his son. The public policy enunciated in said section as to patients’ rights is not limited merely to nursing homes, etc., but logically must be interpreted to include hospitals.
Other hospitals in the New York City area have certified “mohels” and investigated their qualifications. In view of the urgent nature of the relief granted herein, respondent shall permit the “bris” to be performed by a “mohel” who has been certified by a hospital in New York City, chosen by petitioner, today on or before 7:00 p.m.
The “bris” shall take place in a room provided therefor by respondent at its premises. The parents and nine other Jewish males may be present, but shall observe such reasonable precautions as to wearing surgical gowns, and remaining away from the infant, etc., as respondent shall direct. At the conclusion of the “bris” the infant shall be returned to the newborn nursery and shall remain there until discharged with its mother or at such time as is medically reasonable and prudent.
Respondent may have such other personnel in attendance as it chooses.