OPINION OF THE COURT
Nicholas A. Clemente, J.
Defendant Bedford Medical Family Medical Center, Inc. (Bedford Medical) moves for summary judgment and plaintiff cross-moves to depose Dr. Ruzohorsky, the director of Bedford Medical.
*412 This action arises out of a "Bris Mila” (a religious circumcision) performed on plaintiff, a newly arrived Russian Jewish immigrant, by Rabbi David Weinberger at Bedford Medical on September 6, 1990. On September 14, 1990 plaintiff was admitted to Kings County Hospital with a penile scrotal hematoma requiring a penile exploration, and a new circumcision.
Bedford Medical contends that this is not a medical malpractice action because no doctor/patient relationship existed between it and the plaintiff. Bedford Medical maintains that the circumcision was a religious ritual which was performed on its premises by Rabbi Weinberger who provided and used his own equipment during the procedure. Bedford Medical further contends that no one in its employ provided plaintiff with treatment, and that its only involvement in this procedure was to provide a room to Rav Tov, a charitable organization, for which it received no gain, financial or otherwise. Plaintiff opposes the motion on the ground that issues of fact exist as to the involvement of Bedford Medical with the procedure and its nexus with Rabbi Weinberger.
Although not having appeared, Rabbi Weinberger submits an affidavit essentially exculpating Bedford Medical, while plaintiff submits an affidavit from a prior attorney swearing that Dr. Ruzohorsky, the medical director of Bedford Medical, conceded that the circumcision was performed under his supervision.
It is undisputed that Bedford Medical provided the space so that a circumcision could be performed; that it was performed by Rabbi Weinberger; that plaintiff sustained an injury; and that Rabbi Weinberger is not a physician. Inherent in the issue is the seeming conflict between medicine and religion.
Section 6521 of the Education Law provides: "The practice of the profession of medicine is defined as diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition.” (Italics supplied.)
It has been inferentially held that although a circumcision is a surgical procedure it, nevertheless, does not constitute the practice of the profession of medicine (see, Matter of Oliner v Lenox Hill Hosp., 106 Misc 2d 107).
The higher authority is, at least for our Judaic brethren, Genesis 17 verses 9 to 14 wherein it is stated: "9] God further said to Abraham, 'As for you, you and your offspring to come throughout the ages shall keep My covenant. 10] Such shall be *413 the covenant between Me and you and your offspring to follow which you shall keep: every male among you shall be circumcised. 11] You shall circumcise the flesh of your foreskin, and that shall be the sign of the covenant between Me and you. 12] And throughout the generations, every male among you shall be circumcised at the age of eight days. As for the homeborn slave and the one bought from an outside who is not of your offspring, 13] they must be circumcised, homeborn and purchased alike. Thus shall My covenant be marked in your flesh as an everlasting pact. 14] And if any male who is uncircumcised fails to circumcise the flesh of his foreskin, that person shall be cut off from his kin; he has broken My covenant.”
A religious ritual, such as a circumcision, anciently practiced and reasonably conducted, is not subject to governmental restrictions so long as it is consistent with the peace or safety of this State (see, NY Const, art I, § 3).
Therefore, while a circumcision performed by a physician would be the practice of medicine, a circumcision performed as a religious ritual by a qualified person (a Mohel, in this case) does not constitute the practice of the profession of medicine within the meaning of the Education Law.
Nevertheless, the principles of negligence still apply. Rabbi Weinberger must meet the professional standards of skill and care prevailing among those who perform circumcisions (see, Brown v Shyne, 242 NY 176).
As for Bedford Medical, given the unique nature of the procedure, that is, where one may reasonably expect a use of sterile instruments in a sterile environment, Bedford Medical can be held liable even if the services are rendered by an independent contractor in the same manner as if there were a doctor/patient relationship, if there is reliance on the services of the facility (see, Hill v St. Clare’s Hosp., 67 NY2d 72; Lanza v Parkeast Hosp., 102 AD2d 741; Felice v St. Agnes Hosp., 65 AD2d 388; Mduba v Benedictine Hosp., 52 AD2d 450).
In the case at bar, plaintiff contends he was told that the circumcision was to be performed at Bedford Medical and that Bedford Medical’s personnel would be involved in the procedure. This expectation coupled with a claim of assistance by an employee of Bedford Medical during the procedure all raise issues of fact requiring a trial.
As for the cross motion, the parties have submitted conflicting statements which, coupled with the lack of records of the *414 procedure, as well as information about the terms and arrangements under which the room was donated to Rav Tov, require further discovery.
Accordingly, defendant Bedford Medical’s summary judgment motion is denied and plaintiffs cross motion is granted.