William G. Easton, J.
This is a motion by the defendant to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action and that the plaintiffs do not have the legal capacity to sue.
The complaint alleges in substance that one Douglas Bobbins, son of the plaintiffs, was killed by a bullet negligently discharged by the defendant while on a hunting trip. The complaint is not the usual one brought by parents as legal representatives of the deceased for statutory damages by reason of death. On the other hand, the complaint alleges personal injuries to the plaintiffs, both the mother and father, including a derivative husband’s action by the father. The complaint does not allege or show how the plaintiffs’ injuries were sustained except a general allegation to the effect that the negligent killing of their son caused the personal injuries to the parents. No physical contact or actual observation of the killing is alleged by the plaintiffs. It is not alleged that the plaintiffs, or either of them, saw the negligent killing of their son. The affidavit in support of the motion which is uncontroverted indicates that neither of the plaintiffs was present or involved in the occurrence which resulted in the death of their son.
Plaintiffs’ attorneys resist the motion principally relying on the recent Court of Appeals case of Battalla v. State of New York (10 N Y 2d 237 [1961]) which in substance overruled the former case of Mitchell v. Rochester Ry. (151 N. Y. 107) and held that damages due to fright alone might be recovered as result of a defendant’s negligence even without physical contact. Plaintiffs fail to show how they suffered any legally cognizable injury related to the alleged wrong. For all that appears, plaintiffs’ emotional and mental distress derives solely from the knowledge that their son had been killed in a hunting accident. Prerequisite to a right of recovery by a claimant, unexposed to physical contact or impact, is the existence of a duty owed directly to the *1047 claimant by one from whom recovery is sought in the performance of an act. (Kalina v. General Hosp., 31 Misc 2d 18 [1961] ; Berg v. Baum, 224 N. Y. S. 2d 974 [1962]; Lahann v. Cravotta, 228 N. Y. S. 2d 371 [1962]; Argyll v. International Security Bur., 16 A D 2d 921 [1962].)
In the Kallina case (supra), the plaintiffs sought recovery for mental pain and suffering resulting from an assault on their son.
The Berg case (supra) involved a claim by a bystander for mental and physical suffering and fright by reason of witnessing an automobile accident where a vehicle struck the bystander’s child.
The Lahann case (supra) was a claim by a mother of a child who was killed allegedly through the negligence of another. The mother was a bystander in whose presence the accident occurred and claimed severe emotional and neurological disturbances with residuary physical manifestations.
The Argyll case (supra) claimed mental distress derived allegedly from the knowledge that electronic eavesdropping had been taking place.
All of the above cases were decided after the Battalia case (supra) and each ease distinguished it. All of the above cases denied recovery and dismissed the complaint. They all distinguished the Battalia case principally on the ground that the Battalia holding did not extend to a right of recovery to a bystander in whose presence an accident occurred, however the occurrence shocks the sensibility of such witness. In the case at bar the plaintiffs were not even physically present at the time of the accident. The motion is granted.