John LULA, as Administrator of the Goods, Chattels and Credits of John F. Lula, also known as John F. Lula, Jr., deceased, and Jean Cheski, as Administratrix of the Goods, Chattels and Credits of Dorothy Ann Lula, also known as Dorothy Lula and Dorothy Cheski Lula, deceased, Adele Lula and John Lula, Individually, Plaintiffs,

v.

SIVACO WIRE & NAIL CO., Saw Mill Supply, Inc., Denis Routhier and James Rutledge, Defendants.

No. 66 Civ. 2063.

United States District Court
S. D. New York.

March 7, 1967.

Bower, O'Connor & Taylor, New York City, for defendants Saw Mill Supply, Inc. and James Rutledge; John J. Bower, New York City, of counsel.

Robert E. Curran, New York City, for defendants Sivaco Wire & Nail Co. and Denis Routhier.

Emile Z. Berman and A. Harold Frost, New York City, for plaintiffs; Marvin V. Ausubel, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

Defendants move for judgment on the pleadings, Rule 12(b) (6), F.R.Civ.P., and for summary judgment, Rule 56, F.R. Civ.P., on the fifth and sixth claims alleged in the complaint.

The action arises out of an accident on the New York Thruway involving a passenger car driven by John F. Lula, Jr. in which his wife was a passenger and two trailer trucks respectively owned by the corporate defendants and driven by the respective individual defendants. Lula and his wife were fatally injured in the accident.

The plaintiffs on the first four claims alleged are respectively the father of the decedent Lula, as administrator of his son's estate, and the administratrix of the estate of the deceased wife. These claims, sounding in negligence, seek to recover for pain and suffering of the decedents and for their wrongful death in the sum of $300,000 as to each. The present motions are not addressed to any of these four claims.

The plaintiffs on the fifth and sixth claims alleged, to which defendants' motions are addressed, are respectively the father and mother of the decedent Lula. In the fifth count Adele Lula, the mother, sues individually to recover damages of $150,000 for pain and mental anguish alleged to have been caused "by reason of

the said occurrence." In the sixth count the father, Adele's husband, suing individually seeks to recover $50,000 for his wife's medical expenses and for loss of consortium.

The complaint alleges that all of the plaintiffs are citizens and residents of Pennsylvania. Defendant Sivaco Wire & Mail Company (Sivaco) is a Canadian corporation with its principal place of business in the Province of Quebec. Defendant Routhier, driver of the Sivaco truck, is also a citizen and resident of Canada. Saw Mill Supply, Inc. (Saw Mill) is a New York corporation with its principal place of business in this state. Defendant Rutledge, driver of the Saw Mill truck, is a citizen and resident of New York.

It is alleged that the two trailer trucks owned by the corporate defendants and driven by the individual defendants, both travelling north on the Thruway, collided and that one of them then jumped the median strip onto the southbound lane, striking the car in which the Lulas were driving south and injuring them fatally.

The defendants' answers in substance admit an accident occurred at the time and place alleged in which the decedents were killed but deny negligence and liability as to all counts.

■ The present motions for judgment dismissing the fifth and sixth claims are predicated on the pleadings and on affidavits of the attorneys for the defendants which state facts obtained as the result of their investigations of the accident. While ordinarily such affidavits not made on personal knowledge would be insufficient on a motion for summary judgment, this is not so here. For the salient facts on which the motion is predicated are that Adele Lula, the mother of decedent Lula, was not in any way involved in the accident, did not see it occur and was nowhere in the vicinity when it happened. These facts are not in any way disputed and it is apparent from the pleadings and the answering affidavit that this was the situation.

The question presented on the pleadings and papers before me then is whether as a matter of law Adele Lula may recover from the defendants damages for pain and mental anguish caused by the death of her son and his wife in this accident under these undisputed facts. The claim of her husband for medical expenses and loss of consortium obviously stands or falls with the wife's claim.

■ The parties quite properly agree that New York choice-of-law rules determine what substantive law governs the issue of liability presented here. However, there is some disagreement as to what law would apply under such rules. Defendants contend that New York would apply its own law. Plaintiffs, on the other hand, urge that New York law does not "necessarily" apply and that there is insufficient before me to determine whether or not it does. However, they suggest no alternative.

In the circumstances here, however, it is unnecessary to determine which of these positions is correct under the somewhat uncertain lines drawn by Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963); Dym v. Gordon, 16 N.Y.2d 120, 262 N.Y.S.2d 463, 209 N.E.2d 792 (1965); and Macey v. Rozbicki, 18 N.Y. 2d 289, 274 N.Y.S.2d 591, 221 N.E.2d 380 (1966). I do not decide that question here.[1]

It is readily apparent that only four jurisdictions have any possible connection with this accident: (1) New York, where the accident occurred and where two of the defendants reside; (2) Penn-

---

1. Nor do I decide whether the wrongful death statute of New York or of Pennsylvania governs the other causes of action asserted by the complaint. Compare Kilberg v. Northeast Airlines, Inc., 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), and Gore v. Northeast Air-lines, Inc., 373 F.2d 717, 2d Cir., Feb. 23, 1967, with Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965), and Griffith v. United Air Lines, 416 Pa. 1, 203 A.2d 796 (1964).

sylvania, the state of citizenship and residence of the individual plaintiffs on the two claims here in dispute, the place where the letters of administration of the two decedents' estates were issued, and the place where plaintiffs' attorneys suggest the decedents resided; (3) Maryland, which defendants claim was the residence of the decedents; and (4) Canada, of which defendant Sivaco and Routhier are citizens and residents and where their insurance was written.

■ It is too plain to require discussion that New York would not look to the law of Canada (or Quebec) to determine the issue posed here since the slight contacts of that jurisdiction with the action are completely over-balanced by the contacts of the other jurisdictions having connection with it. See Restatement (2d), Conflict of Laws § 379 (Tent. Draft No. 9, 1964); cf. Long v. Pan American World Airways, Inc., 16 N.Y.2d 337, 266 N.Y.S.2d 513, 213 N.E.2d 796 (1965).

It can scarcely be supposed that the plaintiffs on the fifth and sixth claims would urge that the law of either Maryland or Pennsylvania should be applied here since it is quite clear that under the law of these states the defendants would not be liable on these claims.

■ The substantive law of Pennsylvania requires that the negligent conduct of the defendant result in actual physical impact, however slight, before one can recover for mental anguish and emotional distress arising from an accident. Bosley v. Andrews, 393 Pa. 161, 142 A.2d 263 (1958); Hess v. Philadelphia Transp. Co., 358 Pa. 144, 56 A.2d 89 (1948). Plainly plaintiff Adele Lula could not satisfy these requirements.

■ Under Maryland substantive law there is no recovery for mental anguish or emotional distress as the result of an accident unless the plaintiff has been placed in danger by defendant's negligent conduct. See Resavage v. Davies, 199 Md. 479, 86 A.2d 879 (1952); Bowman v. Williams, 164 Md. 397, 165 A. 182 (1933); State of Maryland to Use and Benefit of Gaegler v. Thomas, 173 F. Supp. 568 (D.Md.1959). In Resavage a mother sued for damages for mental anguish and emotional distress arising from an accident which she had watched from the front porch of her house in which a car negligently driven by defendant left the road, mounted the sidewalk and killed her two daughters. The Maryland Court of Appeals denied recovery.

The only other alternative is New York substantive law under which, unfortunately for these plaintiffs, they fare no better.

■ The longstanding rule of Mitchell v. Rochester Railway Co., 151 N.Y. 107, 45 N.E. 354, 34 L.R.A. 781 (1896), that physical impact was a pre-condition to recovery for mental shock and distress was overruled in 1961 by Battalla v. State, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729. There the plaintiff was riding a ski lift when the bar in front of the seat became unfastened. She was permitted recovery for shock and emotional distress caused by her fright at this occurrence despite the lack of physical impact. But Battalla does not go beyond holding that there may be recovery for mental anguish and emotional distress resulting from a negligent breach of duty owed to plaintiff by defendant. Such cases as Ferrara v. Galluchio, 5 N.Y.2d 16, 176 N.Y.S.2d 996, 152 N.E.2d 249, 71 A.L.R.2d 331 (1958), go no farther.

The farthest a New York court has gone in this direction is in Haight v. McEwen, 43 Misc.2d 582, 251 N.Y.S.2d 839 (Sup.Ct.1964) where the court refused to dismiss before trial the action of a mother for emotional distress caused when she witnessed defendant's car kill her son on the ground that further facts needed to be developed at the trial. No case in any New York court suggests that recovery can be allowed to a mother whose son is killed where the mother was neither herself endangered by defendant's negligent conduct nor witnessed the accident. See Robbins v. Cas-

tellani, 37 Misc.2d 1046, 239 N.Y.S.2d 53 (Sup.Ct.1962); Lahann v. Cravotta, 228 N.Y.S.2d 371 (Sup.Ct.1962); Berg v. Baum, 224 N.Y.S.2d 974 (Sup.Ct.1962).

■ Plaintiffs have asked this court to predict that the New York courts would permit recovery under the circumstances in this case. Compare West v. American Telephone & Telegraph Co., 311 U.S. 223, 236–237, 61 S.Ct. 179, 85 L.Ed. 139 (1940); Gerr v. Emrick, 283 F.2d 293 (3d Cir. 1960); Cooper v. American Airlines, 149 F.2d 355, 162 A.L.R. 318 (2d Cir. 1945). I see no basis on which such a prediction is justified. Nothing has been shown to indicate the New York courts would hold that a mother whose son was killed in an accident and who was not involved in or endangered by the accident in any way, did not witness the accident and was nowhere in the vicinity when it happened, could recover for mental anguish against a defendant whose negligence caused the accident. This is in accord with the law in most American jurisdictions. See Restatement (2d), Torts § 313 and comment *d* (1965); Prosser, Torts 352–54 (3d ed. 1964); Hopper v. United States, 244 F. Supp. 314, 317–318 (D.Colo.1965). While English cases have allowed recovery to a member of the victim's family who either witnessed the accident, Hambrook v. Stoke Bros., [1925] 1 K.B. 141 (C.A.), or was endangered by the defendant's negligent conduct, Dulieu v. White & Sons, [1901] 2 K.B. 669, recovery has been denied when neither of these conditions were present. See King v. Phillips, [1953] 1 Q.B. 429 (C.A.).

Plaintiffs for understandable reasons would like to keep these two claims alive at least until the opening of the trial. There is, however, no basis on which they can be permitted to do so in the face of the defendants' motions.

Defendants' motions for summary judgment dismissing the fifth and sixth claims alleged in the complaint are granted.

It is so ordered.