■ NAOMI B. MARKOWITZ, Individually and as Administratrix of the Estate of RUBIN MARKOWITZ, Deceased, et al., Respondents, v. IRVING FEIN, as Committee of the Estate of MARK FEIN, Appellant.— Order, entered on June 23, 1967, granting plaintiffs' motion to the extent of striking the defendant's affirmative defenses as to all causes of action except the second and fourth causes of action and granting defendant's cross motion only to the extent of dismissing the second and fourth causes of action, unanimously modified on the law to the extent of dismissing the first, fifth, sixth and eighth causes of action, and otherwise affirmed without costs or disbursements to either party. Plaintiffs concede in their brief that their first cause of action, for conscious pain and suffering of the decedent arising from an assault, is time-barred by CPLR 215. The fifth cause of action which is based upon mental anguish and suffering of the decedent's family caused by the decedent's disappearance is legally insufficient. The plaintiffs herein were not the subjects of the alleged intentional tort and were not witnesses thereto. (*Kalina* v. *General Hosp. of City of Syracuse,* 31 Misc 2d 18, affd. 18 A D 2d 757, affd. 13 N Y 2d 1023; *Robbins* v. *Castellani,* 37 Misc 2d 1046.) It follows that the sixth cause of action, which seeks punitive damages based upon the allegations of the fifth cause of action is also legally insufficient. While we find the seventh cause of action to be valid because it is based upon interference with the right of the next of kin to the immediate possession of the decedent's body for preservation and burial, we do not believe that punitive damages are recoverable and we therefore dismiss the eighth cause of action. Concur — Stevens, J. P., Eager, Capozzoli, McGivern and Bastow, JJ.

■ MCKEE-BERGER-MANSUETO, INC., et al., Respondents, v. BARRY FEDERMAN et al., Appellants.— Order, entered on December 6, 1967, granting plaintiffs' motion for leave to replead their fifth cause of action, unanimously affirmed, without costs and disbursements to either party. Special damages have been sufficiently alleged in compliance with this court's prior order. The claimed lack of specificity may be cured by means of a proper demand for and bill of particulars. The fact that general and punitive damages are not recoverable in an action based on unconventional tort, as alleged in the fifth cause of action, does not require dismissal of said cause of action since it is otherwise now properly pleaded. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.

■ CHARLES T. ZURETTI, Respondent, v. SALOME A. COTTO, Appellant. FRANK LAWRENCE, Respondent, v. SALOME A. COTTO, Appellant.— Orders entered on or about January 12, 1967, unanimously affirmed, with $30 costs and disbursements to the respondents. (See *Keller* v. *Rappoport,* 21 N Y 2d 490.) Concur — Botein, P. J., Stevens, Eager, McGivern and McNally, JJ.

■ MARY C. HEINDRICH, Respondent, v. BURGER INN, INC., Appellant.— Order, entered January 25, 1968, granting plaintiff a trial preference purusant to CPLR 3403, unanimuosly affirmed, with $30 costs and disbursements to respondent. (*Yates* v. *John J. Casale, Inc.,* 89 N. Y. S. 2d 583.) The instant case is distinguishable from *Bush* v. *Hertz Corp.* (29 A D 2d 938). In the *Bush* case, plaintiff was a resident of New Jersey, the accident happened in New Jersey, and defendants were either licensed to do business in New Jersey or had their place of business in New Jersey. In the case at bar, the accident happened in New York County and defendant was a New York coporation. Concur — Steuer, J. P., Tilzer, Rabin, McNally and Bastow, JJ.