**Hilda OBLATORE, Plaintiff,**

v.

**Albert Robert BRAUNER, Defendant.**

**No. 1179.**

United States District Court
W. D. Missouri,
Central Division.

May 15, 1968.

I. Walton Bader, Bader & Bader, New York City, Julius M. Meyerhardt, Jefferson City, Mo., for plaintiff.

John L. Hearne, Keyes, Bushman & Hearne, Jefferson City, Mo., for defendant.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on defendant's motion for summary judgment. Paragraph 4 of the stipulation of facts states that:

Plaintiff's son was a passenger in a motor vehicle involved in a collision with a motor vehicle operated by the defendant on Route C, a public highway, in Cole County, Missouri; plaintiff's son died in Cole County, Missouri, as a result of injuries received

in said collision; plaintiff, in the State of New York, received notification of the death of her son; the injuries plaintiff sustained resulted from the emotional upset and shock caused by the death of her son.

The parties agree that the following legal question is presented:

The legal question presented by defendant's motion is whether a plaintiff in New York who receives injuries caused by emotional upset and shock due to receiving word of the death of her son as a result of a Missouri accident is entitled to recover damages under Missouri law or any applicable law for said injuries from a defendant whom plaintiff alleges caused said Missouri accident by negligent operation of a motor vehicle.

■ Plaintiff concedes that in order to recover for mental anguish under Missouri law, such anguish or shock must be "accompanied by some physical injury." Memorandum in Opposition to Defendant's Motion to Dismiss, p. 4. See Gambill v. White, Mo. 1957, 303 S.W.2d 41; Pretsky v. Southwestern Bell Telephone Co., Mo., 1965, 396 S.W.2d 566. Under the stipulated facts the emotional shock which plaintiff suffered in New York when she was notified of her son's death in Missouri was not accompanied by a contemporaneous physical injury. It is clear that plaintiff has no right to recover under Missouri law.

■ However, plaintiff contends that the injuries to plaintiff occurred in New York and that "if the 'place of injury' rule is to be applied then the law to be applied would be the law of New York. * * *" Memorandum in Opposition to Defendant's Motion to Dismiss, p. 4. Under Missouri conflict of law doctrine, the law applicable in cases where defendant's conduct occurs in Missouri and the injury is done in another state is the law of the state "where the last event necessary to make an actor liable for an alleged tort takes place." Gaston v. Wabash Rr. Co., Mo. en banc 1959, 322 S.W.2d 865, 867. See also Hughes Provision Co. v. LaMear Poultry & Egg Co., St.L.Mo.App.1951, 242 S.W.2d 285. But even assuming *arguendo* that the law of New York applies, plaintiff fares no better under New York law.

The parties agree that Battalla v. State, Ct.App.N.Y.1961, 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729, overruled the "impact" doctrine in New York. However, as defendant correctly states, in that case "the negligence was directed at the plaintiff herself and she was in immediate danger of physical injury." Memorandum in Support of Defendant's Motion for Summary Judgment, p. 3. Moreover, in cases subsequent to *Battalla* recovery has not been allowed for mental anguish of parents of negligently injured children where the parents did not witness and were not themselves endangered by the defendant's action. See Robbins v. Castellani, Sup.Ct.1962, 37 Misc. 2d 1046, 239 N.Y.S.2d 53, and the cases there cited. The recent case of Lula v. Sivaco Wire & Nail Co., S.D.N.Y.1967, 265 F.Supp. 222, is, on its facts, in point with the instant case. In granting defendant's motion for summary judgment therein, the Court, at l. c. 226, stated:

Plaintiffs have asked this court to predict that the New York courts would permit recovery under the circumstances in this case. [Citing cases]. I see no basis on which such a prediction is justified. Nothing has been shown to indicate the New York courts would hold that a mother whose son was killed in an accident and who was not involved in or endangered by the accident in any way, did not witness the accident and was nowhere in the vicinity when it happened, could recover for mental anguish against a defendant whose negligence caused the accident. This is in accord with the law in most American jurisdictions.

*Lula* and the cases there cited are applicable to this case. The cases cited by plaintiff are inapposite here.

Since we find that under the law of Missouri and New York defendant

breached no legal duty he had to plaintiff, we do not reach plaintiff's contentions regarding proximate cause.

For the reasons stated, it is

Ordered that defendant's motion for summary judgment be, and is hereby, granted. It is further

Ordered that the Clerk enter an appropriate judgment for the defendant pursuant to Rule 58(1), Federal Rules of Civil Procedure.