■ MELINDA SHANER, an Infant, by Her Parent and Natural Guardian, MARY T. SHANER, et al., Respondents, v GREECE CENTRAL SCHOOL DISTRICT No. 1, Appellant.—Order unanimously reversed, motion granted and complaint dismissed, without costs. Memorandum: Defendant Greece Central School District No. 1 (School District) appeals from Special Term's denial of its motion to dismiss the complaint. Two causes of action are alleged, the first claiming that the School District's employees, teachers and administrators "carelessly, recklessly and negligently allowed" the infant plaintiff's brother to commit suicide, resulting in emotional and physical damage to the plaintiff and, secondly, a cause of action by Mary T. Shaner, mother of the infant plaintiff, for medical expense incurred by the mother for her daughter. The underlying allegations of the complaint assert that while the infant plaintiff's brother was a student at the defendant's high school the employees of the School District permitted the brother to shoot himself. Further, that defendant's employees were informed that the infant's brother had a loaded gun and that they knew of this fact one hour before the brother fatally shot himself, while sitting in the vice principal's office. Assuming, as we must, the truth of the allegations of the complaint, may the infant plaintiff recover for mental and emotional distress suffered by reason of her brother's suicide, which she did not witness and which is alleged to be the result of the negligence of the School District? We recognize that the old principle, enunciated in *Mitchell v Rochester Ry. Co.* (151 NY 107), that there could be no recovery for injuries, physical or mental, incurred by fright negligently induced, was "overruled" by *Battalla v State of New York* (10 NY2d 237, 239). If the estate of the deceased brother were the plaintiff, the allegations of negligence in the complaint would be sufficient to defeat a motion to dismiss. Respondents' reliance on three Court of Appeals decisions in their brief is not well taken. Each can be distinguished on its facts from the situation we have in the instant case. In *Battalla (supra)* the plaintiff was the person who had been placed in the negligently secured chair lift and who suffered the alleged severe emotional and neurological disturbances. He was the one to whom the duty of care

was owed. The question involved in *Johnson v State of New York* (37 NY2d 378) was whether the daughter of a State hospital patient could recover for the emotional harm caused by the hospital when it falsely notified the plaintiff that her mother had died and that she should immediately proceed to give consent for an autopsy and make funeral arrangements. It was not until plaintiff went to the funeral home to view her mother's remains that the falseness of the advice was discovered. Again, we find a set of circumstances of alleged psychological trauma to the person to whom a duty of care was owed by the hospital. The last case upon which respondents rely is *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (36 NY2d 505). In that case plaintiff claimed psychological or nervous injury caused by psychic trauma arising in the course of her employment, and compensable under the Workmen's Compensation Law, when she discovered her immediate supervisor's body after he had committed suicide. The court, stating the recognized principle that the Workmen's Compensation Law should be construed liberally in favor of the employee *(Matter of Heitz v Ruppert,* 218 NY 148), noted (p 508) that "no issue [was] raised concerning the causal relationship between the occurrence and the injury". Emphasis was given to the fact that Mrs. Wolfe "was not a third party merely witnessing injury to another, she was an active participant" (p 511). The closest fact situation to the instant case is *Tobin v Grossman* (24 NY2d 609, 611). There, a plaintiff mother sought recovery for mental and physical injuries caused by shock when, hearing a screeching of brakes, she went to the scene of the accident, which was a few feet away, and saw her seriously injured two-year-old child lying on the ground. The court (p 611) "concluded that under the well-established applicable doctrines no cause of action lies for unintended harm sustained by one, solely as a result of injuries inflicted directly upon another, regardless of the relationship and whether the one was an eyewitness to the incident which resulted in the direct injuries". This quotation precisely describes the issue in the case at bar and requires the granting of the motion to dismiss the complaint. (Appeal from order of Monroe Supreme Court denying motion to dismiss complaint in negligence action.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.