EUGENE B. BESSETTE et al., Appellants, v ST. PETER'S HOSPITAL et al., Respondents.

Third Department, March 18, 1976

*Daniel H. Mahoney* for appellants.

*Carter, Conboy, Bardwell, Case & Blackmore (Forrest N. Case, Jr.,* of counsel), for respondents.

MAHONEY, J. Plaintiffs, husband and wife, brought suit premised on alleged malpractice of the defendants resulting in the amputation of the husband's right leg. The dismissed paragraph (25) is part of the wife's derivative action whereby, in addition to such consortium damages as loss of support, services, love, companionship, affection and society *(Millington v Southeastern Elevator Co.,* 22 NY2d 498), she seeks to recover for the mental and emotional anguish she was caused to suffer by witnessing her husband's suffering and eventual amputation.

This case falls squarely within the holding of the Court of Appeals in *Tobin v Grossman* (24 NY2d 609) that a mother may not recover against a tort-feasor for her mental and physical injuries caused by shock and fear for her two-year-old child who suffered serious injuries in an automobile accident. While the *Tobin* majority did not disturb the rule enunciated in *Battalla v State of New York* (10 NY2d 237), that one may have a cause of action for injuries sustained although precipitated by a negligently induced mental trauma without physical impact, it did insist that one seeking recovery on such a theory, if not a participant and, therefore, one to whom the negligent actor clearly owed a duty, must cast himself in a posture that would enable a court to perceive a duty, in light of modern realities affecting psychological causation (p 242; *Ferrar v Galluchio*, 5 NY2d 16), or the lack of difference between a consortium claim by a wife from that of a husband *(Millington v Southeastern Elevator Co., supra)* or a previously enforced artificial barrier to an action *(Gelbman v Gelbman*, 23 NY2d 434), owed the plaintiff, albeit, the duty owed by the wrongdoer had not heretofore been judicially recognized. In other words, the duty perceived is not new; it has always existed and its recognition amounts to an expansion rather than a creation of a new tort concept.

This insistence on a cognizable duty owed to one seeking recovery for mental disturbance or anguish was again underscored in *Johnson v State of New York* (37 NY2d 378), wherein a daughter of a patient in a State hospital was allowed to recover for emotional harm as a result of negligent misinformation that her mother had died, on the theory that a specific duty was owed directly to the plaintiff daughter, and the harm was visited directly upon the daughter, not derivatively from a third party. The *Johnson* holding is wholly compatible with the general rule enunciated in *Tobin* that no action lies for unintended harm sustained solely as the result of injuries inflicted upon another regardless of relationship, because each requires that the psychic injury be measurable against a duty to exercise reasonable care to refrain from its infliction, and where such a measurement can be made, an "index of reliability" is available that insures the genuineness of the claim. The holding in *Matter of Wolfe v Sibley, Lindsay & Curr Co.* (36 NY2d 505) is not inconsistent with the requirement of a nexus between duty and injury, since in that case the court found such a connection and, further, that the

concept of workmen's compensation benefits is not premised, as is negligence, upon fault.

Respondents here owed no duty directly to the plaintiff wife. Her action, by its very nature, is derivative in concept and the parameters of such an action should not be expanded beyond those limitations set out in *Millington v Southeastern Elevator Co. (supra)*.

The order should be affirmed, without costs.

KOREMAN, P.J., SWEENEY, KANE and LARKIN, JJ., concur.

Order affirmed, without costs.