■ SHIRLEE M. CHRISTOPHER et al., Appellants, v EDWIN M. KAFTAL, Respondent. — Appeal from an order of the Supreme Court at Special Term, entered January 30, 1980 in Saratoga County, which granted defendant's motion to dismiss so much of plaintiffs' second cause of action as sought damages on behalf of plaintiff Lucas Christopher for extreme emotional disturbance and distress. The complaint alleges that plaintiff wife Shirlee Christopher consulted defendant physician for medical treatment and upon receipt of a brief medical history given by Mrs. Christopher the defendant, without undertaking physical examination of her, declared "I won't touch this. All signs point to the fact you have cervical cancer!" It is then alleged that defendant called his receptionist into the office and instructed her to arrange an appointment for Mrs. Christopher with a doctor in Albany whom he described as a cancer specialist. The complaint alleges that such diagnosis was incorrect and grossly negligent. The second cause of action alleges, *inter alia,* that as a result of the defendant's gross negligence in misdiagnosing Mrs. Christopher's condition, Mr. Christopher suffered extreme emotional disturbance and distress, anxiety, worry and nervousness. Defendant has not answered but has moved to dismiss that portion of the second cause of action seeking damages for extreme emotional disturbance and distress sustained by Mr. Christopher pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. Special Term granted the motion and plaintiffs appeal. The order of Special Term should be affirmed. In *Tobin v Grossman* (24 NY2d 609, 611), the Court of Appeals concluded that no cause of action lies for unintended harm sustained by one solely as a result of injuries inflicted directly on another regardless of the relationship. This court, in *Bessette v St. Peter's Hosp.* (51 AD2d 286), denied recovery for emotional disturbance suffered by a plaintiff wife witnessing her husband's suffering due to negligent medical treatment by the defendant physician. In the instant case,

recovery is sought for emotional disturbance suffered by the plaintiff husband because of an alleged negligent misdiagnosis of his wife's condition by the defendant physician. There is no allegation that the diagnosis was communicated by the defendant to Mr. Christopher. No breach of any duty of care owed to Mr. Christopher by defendant is alleged. Thus the order of Special Term dismissing so much of the complaint as sought damages on behalf of Mr. Christopher for emotional disturbance and distress suffered by him because of the misdiagnosis of his wife's condition was proper. Plaintiffs' reliance on *Johnson v State of New York* (37 NY2d 378) is misplaced. In *Johnson,* the defendant breached a duty owed to the plaintiff which was assumed when the defendant hospital communicated the incorrect message to the plaintiff that her mother had died. In the instance case, there is no allegation that the defendant ever communicated his diagnosis of Mrs. Christopher to anyone but her. The only duty arising from the diagnosis was owed to Mrs. Christopher. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.