■ JOAN ORESKY et al., Appellants, v ASHER SCHARF et al., Doing Business as PARKSHORE MANOR HEALTH RELATED FACIL-ITY, Respondents.—In an action to recover damages for negligent infliction of emotional distress, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.),

dated March 13, 1986, which, upon the defendants' motion for summary judgment, dismissed their complaint.

Ordered that the judgment is affirmed, with costs.

In June 1982, the plaintiffs Joan Oresky and Lola Horowitz enlisted the services of the defendants, doing business as Parkshore Manor Health Related Facility (hereinafter Parkshore Manor), to take care of Betty Posnack, their mother. At the time of Betty Posnack's admission as a resident of Parkshore Manor, she was suffering from Alzheimer's Disease. According to the allegations in the complaint, the defendants were aware of Mrs. Posnack's condition and represented to the plaintiffs that "they were fully capable in every respect to care for their mother".

On January 3, 1983, Betty Posnack disappeared from Parkshore Manor, and efforts by the defendants and others, including the New York City Police Department, to locate her have been unsuccessful to date.

As set forth in the complaint and bill of particulars, plaintiffs allege that Betty Posnack's disappearance was the result of defendants' wanton, willful and malicious failure in their duty to supervise and secure her safety, as well as their negligence in failing to secure qualified employees to serve in the facility, in failing to have sufficient security personnel, and in allowing Betty Posnack to wander about freely, given her known propensity to disappear. The plaintiffs further allege that as a direct result of the defendants' careless, negligent and reckless behavior, the plaintiffs have suffered immediate and continuing emotional and psychic harm occasioned by the loss of their mother.

The court granted the defendants' motion for summary judgment on the grounds that there are no triable issues of fact and that the complaint does not state a cause of action, in that there is no duty owing from the defendants to the plaintiffs which would sustain a recovery for emotional distress. We agree.

It is well established that as a condition precedent to recovery for purely emotional harm, there must be a duty owed to the injured person (Battalla v State of New York, 10 NY2d 237; Rainnie v Community Mem. Hosp., 87 AD2d 707). Stated simply, if the defendants owed no duty to the plaintiffs, there can be no recovery for emotional injury.

Under the facts of this case, there is no duty running to the plaintiffs from the defendants based on contract or tort. The plaintiffs point to an alleged contractual relationship between

the parties wherein the plaintiffs agreed to compensate the defendants for the services rendered to the plaintiffs' mother as a resident of Parkshore Manor. The general rule in contract cases is that "absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" *(Wehringer v Standard Sec. Life Ins. Co.,* 57 NY2d 757, 759). As stated in *Johnson v Jamaica Hosp.* (62 NY2d 523, 529) the exceptions to this rule are inapplicable to this case: " 'In nearly every case there such damages have been awarded, the breach has been wilful; and in many of them the ejection of the plaintiff was accompanied by wanton conduct, such as foul language, abuse of the plaintiff, accusations of immorality, and special circumstances of humiliation and indignity. Where there were no such accompanying facts, damages for mental suffering have usually been refused.' (5 Corbin, Contracts, § 1076, p 432; see, also, 36 NY Jur 2d, Damages, § 102; Restatement, Contracts 2d, § 353.)"

The plaintiffs also cite a line of cases permitting the award of such damages for breach of contract for burial or other disposition of a deceased person, resulting in mental suffering to family members *(Darcy v Presbyterian Hosp.,* 202 NY 259; *Klumback v Silver Mount Cemetery Assn.,* 242 App Div 843, *affd* 268 NY 525; *Gostkowski v Roman Catholic Church,* 262 NY 320; *Markowitz v Fein,* 30 AD2d 515; *Lubin v Sydenham Hosp.,* 181 Misc 870). This line of authority is also inapplicable to the case at bar. As stated by the Court of Appeals in *Johnson v State of New York* (37 NY2d 378), recovery in these cases has ostensibly been grounded on a violation of the relative's quasi-property right in the decedent's body. The court noted that in these cases, there exists " 'an especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious' " *(Johnson v State of New York, supra,* at p 382, quoting from Prosser, Torts § 54, at 330 [4th ed]).

Equally unavailing to the plaintiffs are the so-called "bystander" and "zone of danger" cases. The law has repeatedly denied recovery for mental and emotional injuries suffered by a third party as a result of physical injuries sustained by another *(see, Tobin v Grossman,* 24 NY2d 609; *Shaner v Greece Cent. School Dist.,* 51 AD2d 662; *Bessette v St. Peter's Hosp.,* 51 AD2d 286). In *Tobin,* the Court of Appeals held that no cause of action lies for unintended harm sustained by one solely as a result of injuries inflicted directly upon another, regardless of

the relationship and even though one was an eyewitnesses to the incident which resulted in the direct physical injury of a loved one. The court denied recovery to a mother traumatized by serious injuries suffered by her two-year-old child who was struck by an automobile when the mother was a few feet away from the scene and saw her injured child lying on the ground.

The plaintiffs' contention that the "zone of danger" rule as enunciated in *Bovsun v Sanperi* (61 NY2d 219) should apply to the instant matter is without merit. In *Bovsun* (pp 223-224), the Court of Appeals held: "Where a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence, the plaintiff may recover damages for such injuries".

Although the *Bovsun* court decided that damages may be recovered for such indirect "psychic injuries" in limited circumstances, the plaintiffs have stated no basis for recovery under the standard set forth in *Bovsun* in that they have not alleged that they were within the zone of danger or that their alleged emotional injuries resulted from contemporaneous observation of serious physical injury or death caused by the defendants' negligence. Nor do we believe, as the plaintiffs request, that the *Bovsun* rule should be extended to the facts at bar.

Dispositive of this lawsuit is the case of *Johnson v Jamaica Hosp.* (62 NY2d 523, *supra*), with facts directly analogous to the instant case. In *Johnson,* the parents of an infant sued the hospital from which she was abducted for the emotional distress caused by the infant's 4½-month absence. Judge Kaye, writing for the majority, set forth the governing rule, as follows: "The direct injury allegedly caused by defendant's negligence—abduction—was sustained by the infant, and plaintiffs' grief and mental torment which resulted from her disappearance are not actionable. The foreseeability that such psychic injuries would result from the injury to [the infant] does not serve to establish a duty running from defendant to plaintiffs * * * and in the absence of such a duty, as a matter of law, there can be no liability" *(Johnson v Jamaica Hosp., supra,* at p 528).

Here, the direct injury allegedly caused by the defendants'

negligence, namely, the wandering off and disappearance of Betty Posnack, and any emotional suffering on the part of her daughters, is not actionable. The *Johnson* court concluded that there is no basis for establishing a direct duty on the part of a hospital to the parents of hospitalized children. This reasoning may be applied to a nursing home so as to preclude the existence of any duty to the children of institutionalized parents under these circumstances.

We further note that in *Johnson* the court stated, in language applicable to this case, that "sound policy reasons support these decisions * * * for to permit recovery by the infant's parents for emotional distress would be to invite open-ended liability for indirect emotional injury suffered by families in every instance where the very young, or very elderly, or incapacitated persons experience negligent care or treatment" *(Johnson v Jamaica Hosp., supra,* at p 528).

Accordingly, summary judgment dismissing the complaint was properly granted. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.