### INSURANCE COMPANY OF NORTH AMERICA, Plaintiff,

v.

### UNITED STATES FIDELITY AND GUARANTY COMPANY, et al., Defendants.

### No. 87–1000–CV–W–JWO.

United States District Court, W.D. Missouri, W.D.

Oct. 19, 1988.

Bernard L. Balkin, Sandler, Balkin, Hellman & Weinstein, Kansas City, Mo., for plaintiffs.

David A. Vorbeck, Husch, Eppenberger, Donohue Cornfeld & Jenkins, Kansas City, Mo., for U.S. Fidelity and Guar. Co.

Gordon R. Gaebler, R.W. Miller, Lead Counsel, Bernard W. Dorsey, Miller & Bash, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER DENY-
ING PLAINTIFF INA'S MOTION
FOR SUMMARY JUDGMENT ON
DEFENDANTS SHARP AND SAND-
ERS' COUNTERCLAIMS WITHOUT
PREJUDICE

JOHN W. OLIVER, Senior District
Judge.

I

This case pends on plaintiff INA's mo-
tion for summary judgment on defendants
Sharp and Sanders' counterclaims.[1] Plain-
tiff INA's motion alleges that summary
judgment should be granted because there
is no genuine issue as to any material fact
and that, under the admitted and uncon-
tested facts, there is no support in law for
any of the defendants' counterclaims.
Plaintiff INA's motion is based on the theo-
ry that the "Sharp defendants and Sanders
defendants entered into contractual rela-
tions with plaintiff INA and USF & G
which legally control the duties and obli-
gations among the parties in relation to
any complaint contained in Sharp de-
fendnts' and/or Sanders defendants' coun-
terclaims." Plt's Mot. for S.J. at 3.

The Sanders defendants' suggestions in
opposition oppose plaintiff INA's motion on
the ground that genuine issues of material
fact are presented in regard to each cause
of action alleged in its counterclaim. The
Sanders defendants recognized that they
may not oppose the pending motion merely
by relying on the allegations and denials of
its pleadings. See Sanders' Sugg. in Op-
pos. at 7, n. 2. Those defendants accord-
ingly attached the affidavits of R.A. Sand-
ers, W.D. Sanders, and Norman Collins to
their suggestions in opposition in support
of their contention that the various exhibits

attached to plaintiff INA's complaint were
not in force.[2]

Plaintiff INA thereafter filed lengthy
suggestions in reply in which they general-
ly argue that the Sanders defendants' sug-
gestions in opposition were no more than
"a mass of hyperbole and inverted accusa-
tions" and that "the affidavits filed by
Sanders do not raise issues of disputed
fact, but instead skirt the issues." Plt's
Reply Sugg. at 1. Plaintiff INA attached
to its reply an affidavit of Bernard L. Bal-
kin to which two exhibits were attached, an
appendix which included eight pages of the
deposition of William D. Sanders, and two
deposition exhibits.

We have considered plaintiff INA's pend-
ing motion, the suggestions filed in support
and in opposition together with the exhibits
attached thereto and conclude that the
pending motion should be denied without
prejudice for reasons that we will state in
some detail.[3] An additional order will be
entered under which a conference between
the Court and counsel may be scheduled to
discuss the establishment of appropriate
summary judgment procedures under
which the questions presented in plaintiff
INA's pending motion may properly be de-
termined.

II

Plaintiff INA's suggestions in support of
its pending motion is based on what we
view as its excessively broad reading of
Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),
(incorrectly cited as Liberty Lobby, Inc. v.
United States on pages 2–3 of plaintiff
INA's original suggestions and on page 10
of its reply suggestions). Plaintiff INA
argues that Liberty Lobby "expanded"

---

1. The Sanders defendants' suggestions in oppo-
sition to plaintiff INA's motion adequately de-
scribes their counterclaims by stating that they
alleged "five tort causes of action against plain-
tiff: 1) breach of fiduciary duty; 2) tortious
interference with contract; 3) intentional inflec-
tion of mental distress; 4) abuse of process;
and 5) prima facie tort, as well as a contract
cause of action in equity to cancel, rescind or
reform a written instrument." Sanders' Sugg.
in Opp. at 4. Similar counts are alleged in the
Sharp defendants' counterclaim.

2. The Sharp defendants later filed suggestions
in opposition to plaintiff INA's motion which
adopted the suggestions in opposition filed by
the Sanders defendants.

3. Plaintiff INA's request for oral argument
should be and is hereby denied for the reason
that no useful purpose would be served by the
granting of that request.

Rule 56 summary judgment proceedings and that "the *Liberty Lobby* case has made the motion for summary judgment more effective by taking the logic of a Rule 50 motion for directed verdict and moving its effect forward in time when the defending party has pointed out to the court the absence of necessary elements of the claimants' factual and/or legal position." Plt's Sugg. in Supp. of Mot. for S.J. at 3. Plaintiff INA argues in its reply suggestions that under the court's decision in *Liberty Lobby* "the function of a motion for summary judgment is to 'smoke out' the opponent and require that he show his evidence for a prima facie case." Plt's Reply Sugg. at 10.

On page 15 of its suggestions in support, plaintiff INA makes the flat statement that the *"Gerstner Electric, Inc. v. American Insurance Co.,* 520 F.2d 790 (8th Cir.1975), case is on all fours with the counterclaim at bar." And on page 30 of its suggestions in support, plaintiff INA argues that the "recent case of *Centerre Bank of Kansas City v. Distributors, Inc.,* 705 S.W.2d 42 (Mo.App.1985), is closely connected to the facts in the case at bar." [4]

*Gerstner Electric* is not on "all fours" with this case. Nor does *Centerre Bank of Kansas City* support plaintiff's argument that its pending motion for summary judgment should be granted. Neither of those cases presented a summary judgment question. *Gerstner Electric* affirmed a district court's grant of a motion for a judgment notwithstanding a jury verdict in favor of the plaintiff. *Centerre Bank of Kansas City* reversed and remanded a jury verdict in favor of the defendants who were sued on a note and guarantees and also in favor of those defendants on various counterclaims against the bank.

Both of those cases, of course, required a ruling on the sufficiency of the evidence to support a jury verdict. But in both cases the successful party was permitted to adduce all the evidence that party wished to have before the jury. We have no doubt that the trial court in each of those cases could have directed appropriate procedures under which the sufficiency of the evidence could have been tested by use of a summary judgment rule. Those available procedures, however, were not utilized in those cases and thus neither case may properly be considered as supporting the manner in which plaintiff INA has attempted to utilize Rule 56 in this case.

What is said about *Gerstner Electric* and *Centerre Bank of Kansas City* is generally applicable to the cases cited and discussed by plaintiff INA and those cited and discussed by the Sanders defendants. The cases cited by both sides simply were not considered on motions for summary judgment; they were decided in light of the factual circumstances established at a full trial on the merits rather than on factual circumstances adequately developed pursuant to a summary judgment rule.

We are satisfied that it may be assumed for purposes of ruling plaintiff INA's pending motion that under the substantive law applicable to this case, the Sanders and Sharp defendants may encounter substantial difficulty in being able to adduce sufficient evidence that may be said to support the various and numerous counterclaims that they have somewhat enthusiastically alleged.

We are satisfied, however, that nothing was said in *Liberty Lobby* or in any other case that would permit this Court to consider the sufficiency of the evidence that the Sanders and Sharp defendants may eventually be able to adduce on the sketchy and disputed factual data presently before the Court. Indeed, we are satisfied that should this Court grant plaintiff INA's pending motion on the record presently before this Court, plaintiff INA would encounter a great deal of difficulty in attempting to defend that action in the Court of Appeals.

We are further satisfied that nothing was said in *Liberty Lobby* or in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct.

---

**4.** Plaintiff INA repeatedly cited and sought to rely on *Centerre Bank of Kansas City* to support various of its arguments in support of its pending motion. *See* pages 46 and 47 of plaintiff's suggestions in reply to defendants Sanders' suggestions in opposition.

2548, 91 L.Ed.2d 265 (1986), handed down the same day as *Liberty Lobby*, or in the earlier 1986 case of *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), that may be said to either expand or to make any fundamental change in regard to the procedures under which Rule 56 motions for summary judgment should be considered.

While we are inclined to agree with a substantial amount of the criticism directed by plaintiff INA to the affidavits filed by the Sanders defendants, we are not prepared to hold that those affidavits do not, for summary judgment purposes, create genuine issues of material fact in regard to the counterclaims alleged by the Sanders and Sharp defendants. The question presented, however, is a close enough question to deny plaintiff INA's pending motion without prejudice. We believe that it is appropriate under the circumstances for the Court to direct attention to available pretrial summary judgment procedures in order that the parties may consider how a more appropriate motion for summary judgment may be later filed and considered.

### III

Plaintiff INA, on page 39 of its suggestions in support of its pending motion, directed attention to this Court's 1968 opinion in *Oblatore v. Brauner*, 283 F.Supp. 761 (W.D.Mo.1968).[5] Plaintiff INA failed to recognize, however, that the summary judgment procedures directed in that case were designed in light of the fact that the Court and counsel for the parties were

fully cognizant of the dim view that the Eighth Circuit took twenty years ago in regard to how Rule 56 could be utilized in appropriate cases. Accordingly, the Court suggested in *Oblatore* and counsel agreed that they would enter into a stipulation of all factual data that each party deemed to be material and that the case would be submitted on defendants' motion for summary judgment based on that record of stipulated facts. It was understood, of course, that if the Court should decide that a particular stipulated fact was not "material" under Rule 56 and the applicable law, that a dispute about such a stipulated fact would not and could not create a "genuine issue" within the meaning of the rule.[6]

Both *Liberty Lobby* and *Matsushita Electric* show that the motions for summary judgment granted in those cases were not filed until after the completion of all discovery. *See Liberty Lobby*, 477 U.S. at 245, 106 S.Ct. at 2509. *And see Matsushita Electric*, 475 U.S. at 578, 106 S.Ct. at 1252.[7]

The files and records in this case establish that discovery will not be closed until November 1, 1988. *See* paragraph 3 of the Amended Order Scheduling Discovery entered September 14, 1988. Paragraph 8 of that order provides that "[t]he parties agree that they will schedule and hold an across-the-table conference on or before October 31, 1988, for the purpose of agreeing upon (i) a stipulation of fact regarding the authenticity of all documentary evidence and (ii) a stipulation of additional facts designed to avoid unnecessary proof. The stipulations agreed upon by the parties

---

5. For reasons that were not clearly stated, plaintiff INA suggested that this Court should now "take an even more needed step to protect the legal stability of contracts in our state." This Court did not take any "step to protect the legal stability of contracts" in *Oblatore;* it simply ruled a motion for summary judgment that had been properly presented under appropriate Rule 56 procedures.

6. Indeed, the parties were able to stipulate in *Oblatore* in regard to legal questions to be presented and decided under the factual circumstances stipulated. *See* 283 F.Supp. at 762. The Rule 56 procedures directed and agreed to in *Oblatore* have consistently been followed by this

Court in numerous cases over the past twenty years.

7. The district court in *Matsushita,* as this Court has directed in numerous other cases, entered preclusion orders that barred any party from attempting to rely on any evidentiary data that was not clearly stated and supported in that party's final pretrial statement. The district court in that case was thus permitted to entertain motions directed to the admissibility of particular evidence proffered by a party in a final pretrial statement. *See* 475 U.S. at 578, 106 S.Ct. at 1252.

shall be executed and filed within five (5) days after the conference is held. In the event the parties are not able to agree on any stipulation, they shall so advise the Court in a joint report filed within the five-day period."

In light of the contentious procedural history of this case, it is not unreasonable to anticipate that the parties may file a joint report pursuant to the last sentence in paragraph 8 of that order which will advise the Court that they have not been able to agree on appropriate stipulations of fact. When so advised, or should the Court prior to the filing of such a joint report be otherwise requested, it will promptly convene a conference with counsel for the purpose of exploring agreed summary judgment procedures under which the legal questions discussed in the briefs in support and in opposition to plaintiff INA's pending motion may be appropriately presented for determination before the expensive conduct of a lengthy trial that might otherwise be required.

Experience with litigation similar to that presented in this case establishes that few, if any, of the factual issues of such a case are in genuine dispute after the completion of appropriate discovery. Questions of whether a particular issue is "genuine" and whether a particular fact is "material" within the meaning of Rule 56 are, of course, questions of law for decision by the Court once the parties are in a position to discuss the particular factual contentions of the parties in light of an appropriate record. Experience also teaches that an appropriate record may be established without difficulty by the cooperative effort of counsel who wish to obtain a "just, speedy, and inexpensive determination" of a particular case, as contemplated by Rule 1, Fed.R.Civ.P.

This Court stands ready to assist counsel in the establishment of such a record and in the establishment of additional procedures, including but not limited to the entry of preclusion orders, under which most, if not all, the questions of law discussed in the briefs filed in connection with plaintiff INA's pending motion may be decided pursuant to the appropriate use of Rule 56.

If counsel for the respective parties are in agreement that an immediate conference with the Court would be of assistance in the establishment of an appropriate record and in the formulation of procedures under which a new Rule 56 motion or motions may be filed, such a conference will be promptly scheduled. If counsel, on the other hand, are not in agreement, the Court will convene a conference with counsel after it will have reviewed the filings required by paragraph 8 of the Amended Order Scheduling Discovery entered September 14, 1988.

For the reasons stated, it is

ORDERED (1) that plaintiff INA's motion for summary judgment on defendants Sharp and Sanders' counterclaims should be and the same is hereby denied without prejudice. It is further

ORDERED (2) that in the event counsel advise the Court that they are in agreement that a conference should be immediately convened for the purposes above-stated, they shall so advise the Court and such a conference will be scheduled at the earliest time convenient to the Court and counsel. In the event counsel do not agree that an immediate conference should be scheduled, the Court will schedule a conference with counsel after it reviews the filings made pursuant to paragraph 8 of the Amended Order Scheduling Discovery entered September 14, 1988.